Folger, J.
 

 The bohd of the defendant has in it the condition that the pavement is to be kept in thorough repair by it, over a certain well specified space, and with a certain well specified material. Thus is provided for, the object the manner the extent and the material of the repair. It is quite definite, and prescribes in so exact terms the obligation of the defendant as to present no difficulty to the plaintiff or to the defendant, in showing at any time whether or not the condition has been performed. It must be quite susceptible of proof at any time that the state of repair in which the pavement has been kept was or was not thorough ; that the repair was or was not throughout the prescribed extent of space; that it was or was not of the best water-stone. And when the plaintiff or defendant should have respectively, established by proof the negative of either, or the affirmative of all of these propositions, it would have shown a failure to perform, or a full performance of this condition of the bond. There is nothing left by the contract so indefinite or uncertain, as to extent as to time as to mode as to material or as to place, as that there should be any reasonable doubt as to just when and where and upon what the defendant was called upon to act.
 

 
 *479
 
 The claim of the defendant, that there is a condition precedent to be observed by the plaintiff, before it the defendant is obliged to do, is not well founded. It is true that by the terms of the instrument, there is reserved to the plaintiff, that the repair shall be under the direction of such competent authority as the common council may designate; but it cannot be successfully contended, that by force of this provision the plaintiff can lawfully demand of the defendant that it do more than by the previous terms of the condition it is bound to do. The direction of the competent authority is not to be a capricious one. Reason must guide and limit it. If the pavement is kept in thorough repair over the whole of the specified space, with best water-stone, that is as much as the plaintiff can exact, and when such a state of repair is kept up by the defendant, there is no breach of its contract, though it be kept up without direction from the competent authority designated by the common council. Had that authority been designated, and had it assumed to direct, it could demand no more than a performance in fact, to the limit of the legal requirement; and if the facts showed that the legal requirement was fully met, though » the direction went farther or otherwise, the defendant has satisfied its obligation; for the reservation to the plaintiff of the power to direct, is no more in effect than the not unusual condition in contracts, that the work to be done shall be to the satisfaction of the recipient party. Such satisfaction is not an arbitrary or capicious one. It has its measure by which it can be filled. That which the law shall say a contracting party ought, in reason to be satisfied with, that the law will say he is satisfied with. Thus, in
 
 Folliard
 
 v.
 
 Wallace
 
 (2 J. R., 395), there was an agreement to pay money three months after one should be well satisfied that a title was good, etc. The court, per Kent, Oh. J., said : “ The law will determine for the defendant when he ought to be satisfied.”
 

 Inasmuch then, as all which the defendant can be required to do is plainly pointed out in the contract; and as when
 
 *480
 
 that is fully done, the contract is satisfied, and the plaintiff can exact no more; we do not think that the clause providing for the work of repair to be done under the direction of such competent authority as the common council may designate, makes a condition precedent to the performance by the defendant, and compels the plaintiff to first designate such authority before it can hold the defendant to its agreement to keep in repair. The clause is in effect, no more than a reservation to the plaintiff of a right of supervision of the work as it goes on, so that it shall have a concurrent check upon a faulty or deficient performance by the defendant. It is like another condition in the same instrument, to wit:
 
 “
 
 The taking up of so much of the streets and avenues as shall be necessary to lay the rails of said lines of railroad, shall be subject to the supervision and direction of the said street committee.” It will not be contended by the defendant that this prevented it from the exercise of the privilege of taldng up the streets and avenues
 
 “
 
 until directed or authorized so to do by that committee.” It meant only, that as the work of taking up went on, the committee might interfere by suggestion, advice, perhaps command, as to manner and as to extent, from time to time; so the kindred phrase with which we are concerned in the other part of the agreement did not restrain or excuse from performance, but kept that performance under the direction of the authority designated, if the common council should at any time designate. There is a distinction between this contract and that in
 
 Coombe
 
 v.
 
 Green
 
 (11 M.
 
 &
 
 W., 480) and in the cases kindred to it. In that there was something left indefinite, not located or selected, and to be determined by the will of the covenantee, so that the covenantor could not know, until that will was expressed, upon just what his money and his labor were to be applied. In this, be the wish or will or direction of the covenantee what it may, no more can be exacted than thorough repair, ■over a well marked extent, with a well defined material. And as the covenantor is bound in any event to do all that, no less and no more, it may do it at once without direction, and its
 
 *481
 
 covenant is kept. And forasmuch as it need not wait for the direction or designation of the covenantee, or of the authority to be designated by the covenantee, before it may with accurate adaptation, apply its means its skill its labor to the doing of that, the doing of which is the end sought by this clause of its obligation, that such direction be first given is not a condition precedent.
 

 It follows that, so far as this-question is concerned, the learned justice at the circuit was in error in granting a non-suit against the plaintiff. The proof was sufficient that the pavement within the prescribed space was not kept in thorough repair. The plaintiff was entitled to a verdict for damages, in the view of the proof the most adverse to it.
 

 The plaintiffs claim that the defendant is liable over to it for the damages and judgment recovered against the city by Meier, inasmuch as notice was given to the defendant to take upon itself the defence of the .action brought by Meier; and that the recovery against the plaintiff by Meier was the measure of the damages which the plaintiff' should obtain of the defendant. The position is sought to be maintained upon the authority of that class of cases of which the following are examples:
 
 Chicago City
 
 v.
 
 Robbins
 
 (2 Black, U. S. Sup. Ct., 418; S. C., parties reversed, 4 Wall; U. S.,
 
 657); Woburn
 
 v.
 
 Henshaw
 
 (101 Mass., 193);
 
 Stoughton
 
 v.
 
 Porter
 
 (13 Allen, 191);
 
 Boston
 
 v.
 
 Worthington
 
 (10 Gray, 496);
 
 Lowell
 
 v.
 
 B. & L. R. R. Co.
 
 (23 Pick., 24). These eases have been recognized and approved in
 
 The Mayor, etc., of Troy
 
 v.
 
 The Troy & C. R. R. Co.,
 
 decided in this court, April 8, 1872. But with the exception of that in'101 Mass., they were cases in which there was no contract on the part of the defendant, and the action was brought against the defendant, on the ground of his negligence; and in the case in 101 Mass., the contract was not one to which the plaintiff was a party or a privy. Therefore, while not ignoring them, we do not choose to put the decision of the measure of damages in this case upon their authority.
 

 In the case before us the proof does not show how the hole
 
 *482
 
 in the street was caused, from which came the injury for which the plaintiff was held liable. The plaintiff was liable to the injured person, by reason of its neglect of the duty incumbent upon it to keep the street in repair. This duty arose from the powers it .had- by its charter to control and repair the streets within its bounds. But in the absence of proof that the defendant, by its acts or negligence, caused the hole in the pavement, it cannot be held liable otherwise than by the force of its contract with the plaintiff. The action, indeed, is upon the contract solely. The complaint particularly claims the damages which the plaintiff was obliged to pay the injured person, and states them as resulting from the failure of the defendant to perform its obligation. While it thus presents the question free from any consideration of the state of the pleadings
 
 (Armstrong
 
 v.
 
 Percy,
 
 5 Wend., 535-8-9), it confines us to the contract, and the rights and relations of the parties growing out of that, blow the general rule has been stated in this wise: that for a breach of contract no allowance can be made in damages for remote or consequential
 
 loss;
 
 that the damages to be compensated must be the proximate and natural consequences of the act complained of. Ooming to cases arising upon covenants to put or keep in repair, between private persons as to their private affairs, it has been held that where the lessee of a ferry agreed to maintain and keep it in good order, and instead thereof directed travelers to another landing owned by himself, the lessor, in an action for a breach of the covenant, was held entitled to recover as damages the loss of rent of a tavern stand at the ferry leased.
 
 (Dewint
 
 v.
 
 Wiltsie,
 
 9 Wend., 325.) The report of that case does not give the reasons of the court, but in a later case
 
 (Blanchard
 
 v.
 
 Ely,
 
 21 Wend., 342) it is suggested that the element of fraud on the part of the lessee entered into the case, and was thought to warrant the allowance of damages, though somewhat remote. We will not, therefore rely upon that for our decision of this question;
 
 for,yper contra,
 
 in
 
 Dorwin
 
 v.
 
 Potter
 
 (5 Denio, 306), it was held that where the lessor agreed to put the barns on demised
 
 *483
 
 premises in a good state of repair, but neglected to do so, the lessee was entitled, in an action against him for the rent, to recoup only the amount it would have cost him to have himself put the barns in repair, but that he could not obtain the damages sustained by him from injuries to his cows and young cattle from the ruinous state of the barn. Such damages were held to be too remote and contingent. And, doubtless, the true rule is in that case laid down, for an action upon a covenant between parties related as they were to themselves and to the public.
 

 But
 
 Payne
 
 v.
 
 Rogers (2
 
 H. Black., 350) was an action on the case against the defendant, as an owner of a house occupied by defendant’s tenant, for an injury sustained by the plaintiff, by reason of the demised premises being out of repair. The defendant claimed that the action should have been against the actual occupant, the tenant. ' But it was agreed by the court, 'that though the tenant was
 
 prima faeie,
 
 bound to repair, and therefore liable, yet if he could show that the landlord was to repair, that then the landlord was liable; and Heath, J'., said: “ If we were to hold that the tenant was liable in this case, we should encourage circuity of action,
 
 as the tena/nt would home his remedy over against the
 
 landlord.”
 

 The City of Lowell
 
 v.
 
 Spaulding
 
 (4 Cush., 277) was an action brought by the plaintiff to hold the defendant liable over to it for an amount paid by it, after judgment against it, for an injury caused by a defect in a cellar-way extending into the sidewalk of the public street, of premises owned by the defendant, but occupied by his tenants, he not then living in the city of Lowell. Shaw, Oh. J., said:
 
 “
 
 By the common law, the occupier and not the landlord, is bound as between himself and the public, so far to keep buildings in repair as that they may be safe to the public; and such occupier is
 
 prima facie,
 
 liable to third persons for damages arising from any defect. If indeed (he continues), there be an express agreement between the landlord and tenant that the former shall keep the premises in repair, so that in case of a recovery against the tenant, he would have his remedy over, then to
 
 *484
 
 avoid circuity of action, the party injured by the defect and want of repair may have his action in the first instance against the landlord.” And he cites 2 H. Black,
 
 (supra)
 
 as authority for the proposition. These cases hold in effect, that where one under a duty to the public, such as to keep in repair a way, enters into a contract with another, whereby that other agrees to perform that duty, and on failure of performance the first is made to answer in damages for an injury resulting thereby, he may have his action to recover over against the covenantor to him, and the measure of his recovery shall be the amount he has been compelled himself to pay. And the ground upon which they go, differing as they do, from the class of cases of which that in 5 Denio
 
 (supra)
 
 is one, is manifest. In the class of cases last named, no obligation or duty to the public or to third persons rests upon either party, or is assumed by him. It is entirely a private contract into which he enters confined to matters entirely of private import, and the consequences in which, whether from performance or from failure to perform, are entirely of private concern. And the covenantee in the covenant to keep in repair, is within the rule in
 
 Hamilton
 
 v.
 
 McPherson
 
 (18 N. Y., 72), and being in the care and use of the property, bound himself to take measures that the disaster of his covenantor shall be as small as may be. But in the other class of cases, there is a duty to the public and to third persons, resting upon one of the parties, which by the contract the other in effect agrees to perform. Thus the owner of premises abutting upon a public way is bound by his duty to the public not to create or permit a nuisance in that way. And when one comes in under him as tenant and actual occupant of the premises, that duty devolves upon him. But if by the contract of letting, the owner is still bound to keep in repair, he is in effect bound to perform that duty. Such is the force and result of his contract, and on it the occupier has a right to rely. And as the occupier may, in the first instance, be made liable to one injured, by reason of the premises being so out of repair as to create a nuisance in
 
 *485
 
 the public way, inasmuch as he has not done his duty to the public, he may in turn have his action against his landlord to enforce the liability against him, which by his contract he has assumed. That contract was to keep in repair the premises, which included within its scope such repair as would prevent the creation of a nuisance in the public way, and is tantamount to a contract to perform, in the stead of the tenant and occupier, his whole duty to the public. And as the occupier is liable to a person injured by the defect in repair for all the damages to him which naturally flow therefrom, so the same measure of damages is to be applied to the failure to perform the contract to do the duty, which having been omitted, made cause of action and warranted the amount of recovery against the occupier. Thus a municipal corporation, by the conferring and acceptance of a charter with powers of opening and controlling streets and ways, has put upon it the correlative duty to the public of keeping those ways in repair, so that they may be safe for the passage of the public. When one contracts with that corporation to keep any portion of those streets in repair, in consideration of a license to use them to his benefit in an especial manner, he in effect contracts to perform that duty to the public in the place and stead of the municipality, and the way is given over to him for that purpose, and he takes it into his care and charge therefor, and his failure to perform his contract is a failure to do that duty, and the damages which naturally and proximately result from non-performance are all the damages which naturally and proximately fall upon the corporation from the duty not being performed.
 

 The different principles which govern the different classes of cases grow out of the differences in the contracts with which the classes of cases are respectively concerned. The one relates to private matters alone. The other relates to matters with which the public and third persons are also concerned. And, as we read the decision in
 
 Robinson
 
 v.
 
 Chamberlain
 
 (34 N. Y., 389), that case goes on the same principle, or one near of kin. That was an action against the defendant,
 
 *486
 
 a contractor with the State to keep in repair a section of the canals, for an injury resulting to a boat of the plaintiff from a lock-gate being out of repair. It was held that, by the contract of the defendant with the State, he assumed the duties and was invested with the powers of a public officer, and that the portion of canals covered by the defendant’s contract was a public highway; that he, by his contract, assumed the duty of keeping in repair a public thoroughfare, and was therefore liable in a civil action to any one of the public sustaining special damage from his neglect to keep it in repair. His contract was not with the injured party, but with the State. But it was a contract to perform a duty to the public, for a neglect of which the State but for its sovereignty, would be liable to the party injured. And so by the force of his contract, he having thereby assumed public duties, he was held liable to one injured by a neglect to perform them.
 

 Such was the contract of the defendant. In consideration of the permission granted to it by the plaintiff, to use for' a particular purpose and in a particular manner, in part for its own benefit, certain public ways, it agreed to keep in repair the pavement on those ways, and thus to do the duty which the plaintiff owed to the public. This repair it did not keep up. This duty it did not. Injury resulted to one of the public, who recovered of the plaintiff for failure of duty, his lawful damages. How the defendant is answerable to the plaintiff in damages. And why? For not doing just that, for non-performance whereof the plaintiff was made to answer to the injured person. The cause of action being the same, the rule of damages should be the same. Hor is the plaintiff liable to the objection that, being one of the two wrongdoers, it cannot have indemnity or contribution from the other, although compelled to pay the whole amount of the damage caused by the j oint wrong. (
 
 City of Boston
 
 v.
 
 Worthington,
 
 10 Gray, 496.) As between these parties, the plaintiff having taken from the defendant a covenant to do that ■ which, if it had been done as agreed, no harm would have
 
 *487
 
 befallen, had a right to rely thereon; and, though liable to third persons, are not so
 
 in pari delicto
 
 with the defendant as to be unable to sue and recover over. The negligence of the defendant was the proximate cause of the injury, in which the .plaintiff has no equal part, having sought by the contract, to secure that diligence which would have prevented injury and the occasion of damage. Where the parties are not equally criminal, the principal delinquent may be held responsible to a co-delinquent for damage paid by reason of the offence in which both were concerned in different degrees as perpetrators.
 
 (City of Lowell
 
 v.
 
 L. and B. R. R.
 
 Corp., 23 Pick., 24.)
 

 The judgment of the General Term should be affirmed, and judgment absolute for respondents, with costs.
 

 AH concur.
 

 Judgment accordingly.