THE VILLAGE OF SENECA FALLS, PLAINTIFF, *v.* MICHAEL I. G. ZALINSKI, DEFENDANT.

*Obstruction of streets —License from corporation, when presumed — Injury to traveler — liability of party causing — bound by judgment against corporation.*

The fact that a party constructing a building deposits materials therefor in the street and keeps them there during the erection of the building, with the full knowledge of the trustees and superintendent of the village, is sufficient to imply a consent on the part of the village authority to such use of the street.

It does not create a nuisance to deposit such materials in the street, if they are properly guarded.

Where a party is authorized by the corporate authority to deposit building materials in a public street, it is his duty to see that proper guards or lights are erected and maintained during the night so that travelers may not be exposed to injury thereby.

The corporation may maintain an action against such person, to recover the amount of a judgment which it has been compelled to pay, to one who was injured in consequence of his failure to erect and maintain proper guards or lights by such obstructions.

Where he has been notified of the pendency of an action against the corporation, the judgment recovered thereon is conclusive against him so far as relates to the cause of action, the amount of damages, and the other matters necessarily involved therein.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after an order nonsuiting the plaintiff.

The action was brought to recover the amount of a judgment which the plaintiff had been compelled to pay to one Benrath, for injuries sustained by him on account of obstructions placed by the

defendant in Fall street, in the village of Seneca Falls. The obstructions consisted of building materials, deposited in the street by the defendant, while engaged in erecting buildings upon the adjoining lots, which were owned by him. Benrath was injured by running against the same on a dark night, there being at the time no light or guard in the neighborhood of the materials. Notice was given to the defendant in this action of the suit commenced against the village by Benrath, in which the judgment was recovered.

*P. H. Van Auken*, for the plaintiff. The rule is well settled, that where a party is injured by reason of any obstructions or defects in a public street, placed, made or continued by any person, and the municipal corporation is compelled to pay the damage sustained by the party injured, the corporation has a remedy over against the person so making or continuing such obstructions or defects for the amount so paid. (*Wilson* v. *City of Watertown*, 3 Hun, 514; *City of Chicago* v. *Robbins*, 2 Black., 418; *Inhabitants of Woburn* v. *Henshaw*, 101 Mass., 193; *Inhabitants of Stoughton* v. *Porter*, 13 Allen, 191; *Inhabitants of Milford* v. *Holbrook*, 9 id., 18; *City of Lowell* v. *B. and L. R. R. Corp.*, 23 Pick., 24; *City of Lowell* v. *Spaulding*, 4 Cush., 277.) The record of the judgment in the action of Benrath against the village was competent evidence against the defendant, and conclusively showed that the obstructions placed or continued in the street by the defendant rendered the street unsafe and dangerous for the use of the public; that the plaintiff in that action was not chargeable with any contributory negligence precluding his right of recovery, and of the amount that the plaintiff was entitled to recover of the defendant. (*Mayor, etc., of Troy* v. *The Troy and Lansingburgh R. R. Co.*, 49 N. Y., 657; *City of Boston* v. *Worthington*, 10 Gray, 496.)

*Miller & Hardley*, for the defendant. If the village licensed the defendant to place the obstruction in the street, it cannot recover. A license is a perfect defense. (*Walter* v. *Post*, 6 Duer, 363; *Miller* v. *A. and S. R. R. Co.*, 6 Hill, 61.) Having given the license, the village is *in pari delicto* with the defendant, and for that reason cannot recover. It can have neither indemnity nor contribution. (*City of Brooklyn* v.

*Brooklyn City R. R.*, 47 N. Y., 486, 487; Shearman & Redfield on Neg., § 419, p. 476, and cases cited; *Boston* v. *Worthington*, 10 Gray, 496; *Wendell* v. *Troy*, 39 Barb., 329.) Having given license, the village must protect itself by a contract. (*City of Brooklyn* v. *Brooklyn City R. R.*, 47 N. Y., 475; *Troy* v. *Troy and L. R. R. Co.*, 49 id., 657; 2 Dillon on Munic. Corp., § 582.) If the village did not license the defendant it could not recover, because it was the duty of the village authorities themselves to remove the obstructions and abate the nuisance. (Charter of Seneca Falls, Laws of 1865, chap. 543, §§ 18, 19; Thompson on Highways, 76; *Wendell* v. *Troy*, 39 Barb., 329.) As a corporation may be compelled to pay damages caused by the negligent manner in which persons occupy or use streets with building material, it may impose reasonable conditions on those who wish thus to occupy the streets; for example, require them by ordinance to give bonds of indemnity. It would seem it must protect itself thus. And the village has power to pass an ordinance regulating these matters. (2 Dillon on Munic. Corp., §§ 582, 583, 584.) Having done that, it can only enforce the ordinance. (*Flynn* v. *Canton Co.*, 40 Md., 312; *Kirby* v. *Boylston Market Ass.*, 14 Gray, 249; *Vandyke* v. *Cincinnati and Harberon*, 1 Disney, 532; *Admr. of Chambers* v. *Ohio Life and Trust Co.*, id., 327; 13 Alb. Law Jour., 321.)

E. DARWIN SMITH, J. :

Under the evidence given at the trial the jury would have been warranted in finding, and I think bound to find, that the obstructions placed in the street by the defendant were by or under a license from the authorities of the village.

The defendant testified that he and a Mr. Disky, who was building adjacent to him, went together to the office of the president of the village and asked for the privilege to unload the materials in the street for the buildings they proposed to erect, and he said "yes; it is all right; you can do so." Mr. Disky testified to the same interview and conversation. But aside from this evidence, the fact that the defendant and said Disky did in fact deposit the materials used in erecting their said buildings in the street, and kept them there more or less through the whole summer of 1872,

while engaged in erecting said buildings, with the full knowledge of the trustees and superintendent of said village, was sufficient evidence upon which to imply a consent on the part of the village authorities to such use of the street.

Such license relieved the defendant from a liability to indictment or other prosecution for obstructing said street, but could not be considered as authorizing him to erect and maintain a nuisance therein.

It was not a nuisance to deposit such materials in the street, provided they were properly guarded, so that persons traveling said street were exposed to no unnecessary obstacles to the free passage thereof, or to any unreasonable peril.

Municipal corporations are bound to keep their streets in a safe condition for travel, and are liable to respond in damages to any person receiving a special injury from their neglect of this duty. Where streets in a city or village are used, as in this case, for the deposit of materials by the adjoining proprietor for building purposes, or dug up for the construction of sewers, the laying of water or gas pipes, or for other improvements by the corporation or by the adjoining owner, the corporation is bound to see to it that proper guards, or lights by night, be erected and maintained around such excavations or obstructions, so that travelers be not exposed to injury. (*Storrs* v. *The City of Utica*, 17 N. Y., 104.)

The obstructions in this case, put in the street by the defendant, were not thus guarded in the night, when Benrath received the injury for which he recovered in an action against the plaintiff. That recovery was therefore apparently proper. The license which the defendant received from the plaintiff to place such obstruction in the street, did not, as above stated, entitle him to create a nuisance in such street. The nuisance which gave a ground of action was the omission to place and maintain guards, or lights, around such deposits by night. It was the duty, I think, of the defendant to place such guards, or lights, around the obstructions by him placed in said street. He took the leave or license from the plaintiff to use the street for his private benefit, upon the implied agreement on his part that the city should be protected by him against loss or damages by reason of the obstructions to be by him so placed in said street.

He impliedly undertook that he would erect no nuisance in the street; that he would so guard the obstructions to be placed by him thereon that no injury should ensue to or be suffered by any one traveling such street. This doctrine is asserted in the case of *The City of Chicago* v. *Robbins* (2 Black [U. S.], 418), which case is quite parallel with this.

In that case Robbins was the owner of a lot on one of the public streets of the city, and excavated in the sidewalk, next to and adjoining his lot, an area of considerable length and breadth, and suffered the same to remain uncovered and unguarded so that, in the night, a person passing along said street, fell into it and was injured; for which injury he sued the city, and recovered a judgment for $15,000 and costs, which was paid by the city; and the city then sued Robbins to recover the amount thus paid.

On the trial, evidence was given to show that the city authorities knew of the excavation of the area, and others similar, and interposed no objection to the same, though no express permission to make this one was given.

It was held, that though the city was liable to the party injured for the damages sustained by him, the corporation had a remedy over against the party that was in fault and had so used the street as to produce the injury, and that the defendant Robbins having had notice of the pendency of the suit, was concluded by the judgment.

In the opinion of Justice DAVIS, who gave the opinion of the court, he said : " Without an express permission from the city, but under an implied license, he (the defendant) makes the area; no license can be presumed from the city to leave the area open even for a single night. The privilege extended to Robbins was for his benefit alone, and the city derived no advantage from it except incidentally. Robbins impliedly agreed with the city that if he was permitted to dig the area for his own benefit, he would do it in such a manner as to save the public from danger and the city from harm."

This case was retried and came back for review to the Supreme Court, where it is again considered and reported with the title reversed — *Robbins* v. *The City of Chicago* — in 4 Wallace, 657, where the same doctrine is reasserted.

This same doctrine is also asserted in *Stoughton* v. *Porter* (13 Allen, 191); *Boston* v. *Worthington* (10 Gray, 496); *Lowell* v. *B. and L. R. R. Co.* (23 Pick., 24), and *Woburn* v. *Henshaw* (101 Mass., 193), which cases, as well as the above case of *Robbins* v. *City of Chicago*, as Judge FOLGER stated in *The City of Brooklyn* v. *Brooklyn City R. R. Co.* (47 N. Y., 481), were recognized and approved in *The Mayor, etc., of Troy* v. *The Troy and C. R. R. Co.*, decided in April, 1872 (Ct. of Appeals).

The case referred to by Judge FOLGER is reported in the memoranda at the end of volume 49 New York, 657.

In the case of *The City of Brooklyn* v. *The Brooklyn R. R. Co.* the case was put upon the ground of an express contract which existed in the case; and in the case of *The Mayor of Troy* v. *Troy and C. R. R. Co.* the brief report of the case states that the railroad company accepted a license to lay its track upon and through certain streets, upon condition that it should keep the same in repair.

The question whether a contract, not to commit any nuisance to the injury of the public or the municipal corporation, will be implied from the acceptance of a license to use a street for the private benefit of the party asking for and receiving such license was not distinctly decided, but I cannot see how the court could have recognized and approved the principles asserted in the case of the *City of Chicago* v. *Robbins*, and the other cases above mentioned, upon any other ground. The notice to the defendant of the commencement of the suit against the plaintiff by Bennett, was clearly sufficient to charge the defendant in this action with the duty to defend said action, and to make the judgment conclusive against him within the same cases, so far as relates to the cause of action and the amount of damages and the matters necessarily included in the adjudication. The question whether the plaintiff in that action was injured by obstructions put in the street by the defendant or some other party, was a question for the jury.

The nonsuit, we think, was erroneously granted, and the motion for a new trial should be granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

New trial granted, with costs to abide event.