## THE CITY OF ROCHESTER, RESPONDENT, *v.* JOHN F. MONTGOMERY, APPELLANT.

*Negligence — injury from defects in street — right of city to recover judgment it has been compelled to pay — Joint wrong-doers — principal wrong-doer — when liable to his co-delinquent.*

The city of Rochester having been compelled to pay the amount of a judgment recovered against it, by one who had been injured while passing through one of the public streets thereof, by reason of a pile of sand negligently left unguarded by the defendant, who was engaged in constructing a house upon a lot contiguous thereto, brought this action against him to recover the amount so paid, he having been duly notified of the pendency of the former action, and that he would be held liable for what might be recovered therein. *Held*, that the action was properly brought and might be maintained.

Upon the trial the defendant insisted that the former judgment was recovered against the present plaintiff, on account of its negligence in allowing the street to be obstructed, and that it thereby became a joint wrong-doer with the defendant, and could not, therefore, maintain an action for contribution. *Held*, that the defense was properly overruled; that in actions of this kind the parties were not deemed to be equally criminal, and that the principal wrong-doer was responsible to his co-delinquent for the damages incurred by their joint offense.

Where the offense is merely *malum prohibitum* and does not involve any moral delinquency, it is not against the policy of the law to inquire into the relative delinquencies of the parties, and to administer justice between them, although both parties are wrong-doers.

APPEAL from a judgment of the County Court of Monroe county in favor of the plaintiff, entered upon the report of a referee, and

from an order denying a motion for a new trial, made upon a case and exceptions.

*Jesse Shepherd*, for the appellant.

*J. B. Perkins*, for the respondent.

TALCOTT, J. :

This is an appeal from the judgment of the County Court of Monroe county, entered on the report of a referee in favor of the plaintiff.

One Anthony McNeish had recovered a judgment against the city of Rochester, for damages which had been sustained by him, by having been thrown from a carriage in September, 1873, by reason of obstructions then existing in Front street, a public highway of the said city. The defendant was engaged in the erection of a building on said street for the city, and under a contract made by him with the city, and the injury to McNeish was occasioned by a pile of sand left by the defendant in the highway, without inclosing the same in barriers, or placing any light at either end thereof. The pile of sand was placed where it was, by the defendant, or persons in his employ, as and for material to be used in the construction of said building, and, as the referee finds, the accident was caused by the negligence of the defendant in placing and leaving the said pile of sand in the said highway, unprotected as aforesaid.

There was no express obligation contained in the building contract requiring the defendant to guard or protect the material, which he should collect for the purpose of erecting the said building, by barriers or lights, or otherwise, so as to prevent accidents, but there was an ordinance of the common council of the said city, providing that whoever should leave any street, lane or alley obstructed with rubbish, building or other material during the night time, should cause the same to be inclosed within suitable barriers, and place lights at each end thereof, which lights should be kept burning at all hours of the night.

Whilst the action of McNeish against the city was pending, and before the trial thereof, the defendant was notified thereof by the city attorney, with a statement that he would be liable to the city

for any recovery which might be had against it in the action, and to see to the defense of the action for his own protection, and he was present at the two trials of said action, and was sworn as a witness on one of said trials. We think the decision of the referee, in holding the defendant liable to indemnify the city, was clearly right. (*Robbins* v. *The City of Chicago*, 4 Wall., 657; *City of Brooklyn* v. *The Brooklyn City R. R. Co.*, 47 N. Y., 475; *Mayor, etc., of Troy* v. *The Troy and Lansingburgh R. R. Co.*, 49 id., 657.)

The action of McNeish against the city, was, it is true, founded on the alleged negligence of the city, in permitting one of its streets to be obstructed, so that it was dangerous to travelers, and the appellant invokes the principle, that one joint wrong-doer cannot call upon another for contribution, and the record of the recovery by McNeish shows that the recovery was had upon the ground of the negligence of the city, and that in an action for negligence the plaintiff must be free from fault himself, in order to recover against a wrong-doer. This is true as a general rule, but in actions of this kind, the parties are not deemed to be equally criminal, nor in *pari delicto*, and the principal criminal may be held responsible to his co-delinquent for damages incurred by their joint offense. Where the offense is merely *malum prohibitum*, and does not involve any moral delinquency, it is not against the policy of the law to inquire into the relative delinquency, and to administer justice between them, although both parties are wrong-doers. (*Lowell* v. *The Boston, etc., R. R. Co.*, 23 Pick., 24, op. 31.) The ordinances of the city which were introduced in evidence were not the gravamen of the action, but were only introduced, and we think were properly received by the referee in this case, on the question of negligence; or if there can be any question about the propriety of their reception in evidence, they were wholly immaterial to the legal rights of the parties. The defendant had created a nuisance in a public highway, by means of which a party had sustained special injury. This was negligence as matter of law. The effect of proving the ordinances could only be to show that the plaintiff had in no wise consented to the act of the defendant, in creating the particular nuisance, whereby McNeish was injured. The judgment against the city, where the defendant was called upon with notice of his

ultimate liability, had an opportunity to, and actually did, participate in the defense, when it was shown that the cause of action originated in the negligence of the defendant, was conclusive evidence as between these parties of the rightfulness of the recovery of McNeish, and could not be answered by attempting to show that, as a matter of fact, McNeish was not entitled to recover by reason of contributory negligence on his part. (*Robbins* v. *Chicago*, before cited.) The judgment of the County Court is affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.