PATRICK McMAHON, RESPONDENT, *v.* THE SECOND AVENUE RAILROAD COMPANY, APPELLANT.

*Repair of streets — contract made by public authorities with railroad company as to — party injured may enforce.*

While the plaintiff was driving in that portion of Second avenue occupied by the defendant's tracks, one wheel slipped into an excavation between the tracks, whereby he was thrown from his truck and injured. The excavation was

made in order to connect with the sewer, by an adjoining property owner, who had notified defendant of his intention to make the same, whereupon the defendant bridged it over, so that horses could pass. The defendant had agreed with the city "to pave the streets, in and about the rails, in a permanent manner, and keep the same in repair." *Held*, that the contract made by the city inured to the benefit of the plaintiff, and that he was entitled to enforce it.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

On the 4th of February, 1876, plaintiff, in company with George Grau, was driving three horses attached to a beer wagon up Second avenue, in New York city, upon the up or right-hand track of defendant's railroad, the right-hand or off wheels of the wagon running in the groove of the eastern rail, and the left-hand wheels running just outside of the left-hand rail of the up-track, between the up-track and the down-track, which, at this point were about seven feet apart. As they approached Seventy-eighth street, the left-hand wheels of the truck slipped into a deep trench running under the street, which was concealed at the time by a covering of snow, and plaintiff was hurled from the seat on which he was sitting to the ground, and sustained injuries which were admitted to be of a permanent and serious character.

It appeared that one Riss had commenced this excavation for the purpose of connecting his house with the sewer, and had notified defendants, in advance, that he was going to dig under their tracks; whereupon the railroad company had taken up the street pavement for six or seven feet on each side of the trench from the space between their tracks, and had laid down in its place planks or joists to bridge it over.

By their agreement with the city of New York it was made a condition of the grant of defendants' franchise, that " the said company should pave the streets in and about the rails in a permanent manner, and keep the same in repair, to the entire satisfaction of the street commissioner, and that all the rails should be laid down in such a manner as to cause no impediment to the common or ordinary use of the streets and avenues for all other purposes."

*Austin G. Fox* and *Waldo Hutchins*, for the appellant.

*F. A. Ward,* for the respondent. Having made this covenant with the city as the express condition of, and sole consideration for, a grant, they thereby voluntarily assumed the obligations which the city owed to the public as respects that portion of the street which is embraced between their double tracks, and over which they have absolute and exclusive control. (*City of Brooklyn* v. *Brooklyn City R. R. Co.,* 47 N. Y., 485.) The liability of the covenantor is not confined to cases of ordinary and gradual wear and decay, but extends to injuries occasioned by the elements, tempests, accidents and the acts of third persons. (*Beach* v. *Crain,* 2 N. Y., 95; Taylor on Landlord and Tenant [6th ed.], § 364; *McIntosh* v. *Lown,* 49 Barb., 550; *Phillips* v. *Stevens,* 16 Mass., 238; Platt on Covenants, 275; *Myers* v. *Burns,* 33 Barb., 405; *Cook* v. *Champlain Transportation Co.,* 1 Den., 104.)

DYKMAN, J.:

This is an action brought to recover damages for injuries sustained by the plaintiff from the negligence of the defendant. As the plaintiff was driving a wagon along the avenue where the defendant's track was laid, one of the wheels of the wagon slipped into an excavation made under the track, the plaintiff was thrown from his seat and received the injuries complained of, which were very serious. The excavation had been made by a property owner on the avenue, by permission from the city authorities, for the purpose of making a connection with the sewer. The defendant had entered into an agreement, in writing, by which it was bound to pave the streets in and about the rails in a permanent manner, and keep the same in repair. The defendant had laid timbers over the excavation, and the plaintiff's testimony tended to show that the wheel of the wagon broke through or went through these timbers.

The judge at the Circuit, in his charge, submitted it to the jury to find whether the excavation was made in a part of the street which the defendant undertook to keep in repair by the contract with the city, and if it was, and the defendant had failed or had been negligent in the performance of the duty imposed by that contract, and the injury to the defendant resulted therefrom, he had a remedy against the defendant.

He further charged that if the property owner, as he testified,

notified the defendant of his intention to connect with the sewer and make the excavation, and the defendant assumed the duty of protecting the public against its consequences, and thereby released the property owner from the obligation which the law cast upon him to protect the public against accident, and had been negligent in the performance of the duty so assumed, then a liability ensued. There seems to have been no claim that any negligence of the plaintiff contributed to the injury.

The defendant's counsel moved to dismiss the complaint, and requested the court to charge that the defendant was not liable upon the facts proved. Both were very properly denied, and there is no legal objection which can be raised to the charge as made.

The duty of keeping the streets in a city in repair is imposed primarily upon the municipal authorities, by reason of the power vested in them to control and repair them. The functions which are usually discharged by officers of the city or State may be performed by other persons than officers, and in such cases the contract made with the public authorities is deemed to inure to the benefit of all persons interested in its performance. The case of *Robinson* v. *Chamberlain* (34 N. Y., 389) was decided on this principle. In that case, the defendant was employed by the State to keep a portion of the canals in repair, and neglected to do so, and the plaintiff sustained damages by reason of such negligence. The court held the defendant liable for the injury, and enunciated the doctrine that a contractor who engages to perform the duties of a public officer is liable to the same extent as an officer upon whom the law imposes this duty.

*The City of Brooklyn* v. *The Brooklyn City Railroad Company* (47 N. Y., 475) was a case where the defendant had made a contract with the city to keep the pavement in repair within the tracks, and three feet on each side of them, and from failure to do so the city had been made liable to a person for injuries sustained by reason of such negligence, and then brought that action to recover the damages so sustained. The court held the defendant liable, and laid down the principle, substantially, that where one contracts with a municipal corporation to keep any portion of the streets in repair, he, in effect, contracts to perform that duty to the public in the place and stead of the municipality.

This principle is certainly broad enough to include this case, and, as we think no error was committed on the trial, the judgment must be affirmed, with costs.

BARNARD, P. J., concurred; GILBERT, J., not sitting.

Judgment and order denying new trial affirmed, with costs.