JOHN G. O'KEEFFE, as Receiver of the MATT TAYLOR PAVING COMPANY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

NEW YORK, CITY OF — CONSTRUCTION OF PAVING CONTRACT — GENERAL COVENANT TO MAINTAIN AND REPAIR QUALIFIED BY A SPECIFICATION. A provision in a contract for paving certain streets in the city of New York which provided for the execution of the work in accordance with specifications therein referred to, requiring the contractor to "maintain the said work in good condition to the satisfaction of the commissioner of public works * * * for the period of fifteen years from the final completion and acceptance thereof; all the said work to be done in the manner and under the conditions hereinafter specified," and that the entire work will be completed "to the satisfaction of the commissioner of public works, and in substantial accordance with said specifications," should be read in connection with a specification providing "that if, at any time during the period of fifteen years from the date of the acceptance by said commissioner of the whole work under this agreement, the said work, or any part or parts thereof, or any depression, bunches or cracks shall, in the opinion of the commissioner, require repairs, and the said commissioner shall notify" the contractor "to make the repairs so required by a written notice served on the contractor, either personally or by leaving said notice at his residence or with his agent in charge of the work," the contractor "shall immediately commence and complete the same to the satisfaction of the said commissioner;" and when so read requires the contractor to make only such repairs as he should be required to make pursuant to the written notice served upon him in the manner specified.

*O'Keeffe* v. *City of New York*, 73 App. Div. 312, reversed.

(Argued January 27, 1903; decided February 10, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June

24, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so·far as material, are stated in the opinion.

*Henry D. Hotchkiss* and *L. Laflin Kellogg* for appellant. There was no unqualified covenant to repair. (*Graves* v. *Deterling*, 120 N. Y. 447.) The repair clauses are to be construed as covenants in the nature of a warranty, and not as conditions precedent. (*MacK. F. S. Co.* v. *Mayor*, 160 N. Y. 72; *Gilliam* v. *Brown*, 116 Cal. 454.) The general covenant to repair was limited by the subsequent special covenant. (*Dady* v. *O'Rourke*, 172 N. Y. 447; *Holmes* v. *Hubbard*, 60 N. Y. 183.) If the general provision to maintain the work in good condition be treated as a separate and distinct obligation, nevertheless, a condition that the ·defendant would give notice of·the necessary repairs, although not expressed, will be implied. (*Norton* v. *N. A. G. Co.*, 69 App. Div. 10; *N. E. I. Co.* v. *G. El. R. R. Co.*, 91 N. Y. 153; *Booth* v. *C. M. Co.*, 74 N.·Y. 415; *Wells* v. *Alexandre*, 130 N. Y. 642.)

*George L. Rives, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. The so-called maintenance clause in asphalt paving contracts is not *ultra vires*, but is enforceable. (*People ex rel.* v. *Featherstonhaugh*, 172 N. Y. 112; *Allen* v. *Davenport*, 107 Iowa, 90; *Kansas City* v.·*Hanson*, 60 Kan. 833; *Louisville* v. *Clark*, 20 Ky. L. 1265; *B. A. P. Co.* v. *Watt*, 51 La. Ann. 1345; *W. S. P. Co.* v. *City of St. Paul*, 69 Minn. 453; *B. A. P. Co.* v. *Hezel*, 76 Mo. App. 135; *S. Nat. Bank* v. *Woesten*, 147 Mo. 467; *B. A. Co.* v. *Hezel*, 155 Mo. 391; *B. A. P. Co.* v. *French*, 158 Mo. 534; 181 U. S. 324.) The obligation being imposed upon the contractor to maintain the pavement in good condition for the term of fifteen years from the completion of the work, it makes no difference, so far as the fulfillment of its covenant is concerned, whether or not it was notified by the

commissioner of public works that the pavement required repairs. (*Buchanan Co.* v. *Kirtley*, 42 Mo. 534; *Brookfield* v. *Reed*, 152 Mass. 568.)

WERNER, J. The single question presented by this appeal arises upon the construction of the "maintenance" clause of the contract upon which this action is brought. On the 26th of December, 1890, the Matt Taylor Paving Company entered into a contract with the defendant to pave with asphalt the carriageways of Sixty-sixth and Sixty-seventh streets from Lexington avenue to Third avenue in the borough of Manhattan, city of New York. The contract provided for the payment by the defendant to said contractor of 70 per cent of the contract price within 30 days after the completion of the work and the acceptance of the same by the commissioner of public works and the balance thereof as follows: "Three per cent of the whole amount of money accruing to the said party of the second part (the contractor) on the expiration of the sixth year, and a like further sum of three per cent upon the expiration of each succeeding year thereafter until the whole, or as much as remains due upon said contract price shall be paid, *should the party of this second part perform the work stipulated under section 13a of this agreement.*" The installment of 70 per cent of the contract price, which became due upon the completion of the work and the acceptance thereof by the commissioner of public works, has been paid; several installments of three per cent have also been paid, and 15 per cent still remains unpaid. This action was brought by the plaintiff, as receiver of the said contracting company, to recover the amount unpaid.

The contract, after providing for the execution of the work in a good and substantial manner in accordance with the specifications therein referred to, requires the contractor to "maintain the said work in good condition to the satisfaction of the commissioner of public works * * * for the period of fifteen years from the final completion and acceptance thereof; all the said work to be done in the manner and under the con-

ditions hereinafter specified," and that the entire work will be completed " to the satisfaction of the commissioner of public works, and in substantial accordance with said specifications." Section 13a of the specifications referred to provides " that if, at any time during the period of fifteen years from the date of the acceptance by said commissioner of the whole work under this agreement, the said work, or any part or parts thereof, or any depression, bunches or cracks shall, in the opinion of said commissioner, require repairs, and the said commissioner shall notify the said party of the second part to make the repairs so required by a written notice to be served on the contractor, either personally or by leaving said notice at his residence or with his agent in charge of the work, the said party of the second part shall immediately commence and complete the same to the satisfaction of the said commissioner ; and in case of failure or neglect on his part to do so within forty-eight hours from the date of the service of the aforesaid notice, then the said commissioner of public works shall have the right to purchase such materials as he shall deem necessary, and to employ such person or persons as he may deem proper, and to undertake and complete the said repairs, and to pay the expense thereof out of any sum of money due the contractor, or retained by the said party of the first part, as hereinafter mentioned. And the parties of the first part hereby agree, upon the expiration of the said period of fifteen years, provided that the said work shall at that time be in good order, or as soon thereafter as the said work shall have been put in good order to the satisfaction of the said commissioner, to pay to the said party of the second part the whole of the sum last aforesaid, or such part thereof as may remain after the expenses of making the said repairs in the manner aforesaid shall have been paid therefrom."

Specification 22 of the contract provides that the party of the second part " shall not be entitled to demand or receive payment for any portion of the aforesaid work or materials until the same shall be fully completed in the manner set forth in this agreement, and such completion shall be duly

certified by the engineer, inspector and water purveyor in charge of the work, and until each and every of the stipulations hereinbefore mentioned are complied with and the work completed to the satisfaction of the commissioner of public works and accepted by him."

The complaint alleges the full performance of the contract. The answer denies this allegation of the complaint and sets forth, as a separate and distinct defense, the provisions of the contract above quoted. The answer further alleges that at various times during the years from 1894 to 1901 inclusive the said work became out of repair and required that repairs should be made thereto; that at various times during said years the contractor was notified in writing to make such repairs; that he neglected and refused to make the same, and that said commissioner of public works caused said repairs to be made by other parties. At the trial the plaintiff, after making the formal proofs relating to his appointment as receiver, his qualification as such and his authority to sue, offered in evidence the contract referred to, the certificate of the defendant's engineer showing the completion of the work in accordance with the terms of the contract, and then rested. Thereupon defendant's counsel moved to dismiss the complaint on the ground that the facts proven do not constitute a cause of action against the city. This motion was granted and plaintiff excepted.

This decision of the trial court and the affirmance by the Appellate Division of the judgment entered thereon are based on the ground that under the provisions of the contract "it was the duty of the contractor to maintain the pavement in good condition without any notice from the commissioner, and it was also his duty to make the repairs specified in section 13a upon notice from the commissioner," and that plaintiff could not establish a cause of action without showing affirmatively that he had maintained said pavement in good order for a period of fifteen years after its acceptance by the defendant. Although the question presented is a narrow one, we are inclined to differ from the learned courts below in the

construction which should be given to this contract. It should be read as a whole and its several parts construed together. The initial covenant to maintain the work provided for in this contract for fifteen years from the final completion and acceptance thereof, is qualified and limited by the provision that it shall be done in accordance with the specifications and conditions thereinafter set forth. One of the specifications and conditions thus referred to (13a) provides that if " the said work or any part or parts thereof, or any depression, bunches or cracks shall, in the opinion of said commissioner, require repairs, and the said commissioner shall notify the said party of the second part to make the repairs so required by a written notice served on the contractor, either personally or by leaving said notice at his residence or with his agent in charge of the work, the said party of the second part shall immediately commence and complete the same to the satisfaction of the said commissioner." We think the reasonable construction of the covenant to repair, when read in connection with the language of the specification just referred to, is that the contractor was bound to make only such repairs as he should be required to make pursuant to the written notice served upon him in the manner specified. If the contractor was bound by a general and absolute covenant to repair, the provision for notice to him is wholly superfluous, but when both clauses of the contract are read together we are able to arrive at a construction thereof that gives effect to all its parts, and is at once reasonable and practical. According to the view adopted by the courts below, the contractor was bound to keep the streets in repair during the the whole period of fifteen years without notice or request from the defendant's officers, although no part of the pavement could be taken up without a permit from the department of public works (Consolidation Act, sec. 322, Ash's ed., p. 128), and even though it would require a constant patrol of these streets by the contractor in order to obtain information as to the necessity for repairs. Such a construction of this contract is neither reasonable nor practical. In a recent case

(*Dady* v. *O'Rourke*, 172 N. Y. 447) this court has reiterated a cardinal rule in the construction of contracts in language that is peculiarly applicable to this case, as follows: " One of the rules to be applied in the construction of contracts is that they shall be so construed that all parts may stand together. if they are capable of such an interpretation. A covenant in large and general terms may be restrained and narrowed where the intent to restrain and narrow or qualify is apparent from other parts of the same instrument." Applying this rule to the contract before us, we are led to the conclusion that the reasonable construction of this contract is that the contractor's covenant to maintain and repair was not absolute and unconditional, but was qualified by the provisions of specification 13a which provides for the service of a written notice upon the contractor by the defendant when repairs were required to be made.

When the plaintiff rested he had made out a *prima facie* case. The burden of proof was not shifted to the defendant, but the plaintiff had proven all that was essential unless, and until, the defendant introduced some evidence which required the plaintiff to prove more. We are of opinion, therefore, that it was error to dismiss the complaint.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Parker, Ch. J., Gray, Bartlett, Haight and Cullen, JJ., concur; O'Brien. J., absent.

Judgment reversed, etc.