THE CITY OF NEW YORK, Respondent, *v.* THE SICILIAN ASPHALT PAVING COMPANY, Appellant, Impleaded with Another.

Contract for street paving — provision that contractor shall restore openings made therein — when contractor not liable to city for damages paid to one injured through opening which he had failed to repair.

A contract for paving a city street provided that "during the performance of the work herein set forth" the contractor should use all necessary precautions for the prevention of accidents and that he would indemnify the city against all actions, costs and damages for and on account of injuries to the persons or property of others "resulting from negligence or carelessness in the performance of the work, or in guarding the same." The contract also provided

that for a period of five years after the completion of the pavement the contractor should keep it in repair, and, within five days after notice from the city, restore all openings in the pavement made by plumbers and corporations with the permission of the city. After the completion and acceptance of the work, the contractor was duly notified to restore the pavement over openings made by a public service corporation, but failed to do so prior to the happening of an accident which was caused by the opening in the street. The injured party thereafter recovered a judgment against the city for the damages caused to him. The city brings this action to recover from the contractor the amount paid in satisfaction of such judgment. *Held*, that the contract with the city only made the contractor answerable over for such damages as might be recovered against the city by reason of accidents happening through the contractor's negligence during the performance of the work of construction or of subsequent repairing; that the contract neither contains, nor imports, any agreement on the part of the contractor, after completion of the work contracted for and during the period of maintenance, to do anything more than to maintain the pavement, as it had been accepted, and to make such repairs, or to do such relaying of the pavement, as are stipulated for and which may be indicated in the notice to be served.

*City of New York* v. *Sicilian Asphalt Paving Co.*, 148 App. Div. 896, affirmed.

(Argued March 19, 1913; decided April 1, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 3, 1912, which affirmed a final judgment sustaining a demurrer to the complaint, which was entered after the reversal by said Appellate Division of an interlocutory judgment of Special Term overruling said demurrer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* of counsel), for appellant. When a person agrees with a municipal corporation to maintain its pavements for a specified length of time in good condition and during that period to repair them when notified, and

restore them when displaced, the contractor in effect obligates himself to perform that duty on behalf of the public, in the place and stead of the municipality and having assumed that burden, he is not only liable on his agreement at the suit of a third person who may have been injured through his neglect, but he is also responsible to the municipality for any damages which naturally and proximately fall upon it in consequence of a breach of that duty. (*Weet* v. *Vil. of Brockport*, 16 N. Y. 161; *Jeuree* v. *M. S. R. R. Co.*, 86 Kan. 479; *City of Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 475; *W. Gas Co.* v. *District of Columbia*, 161 U. S. 316; 2 Dillon on Mun. Corp. [4th ed.] § 721; 2 Elliott on Roads & Streets [3d ed.], §§ 1056, 1170; Jones on Neg. of Mun. Corp. § 171; Shearm. & Redf. on Neg. [5th ed.] § 301; 2 Smith on Modern Law of Mun. Corp. §§ 1305, 1533; 1 Sutherland on Damages [3d ed.], §§ 83, 86; Thompson Comm. on Negligence, §§ 1169, 1356, 1367, 6359; *McMahon* v. *S. A. R. R. Co.*, 75 N. Y. 231; *Sullivan* v. *S. I. R. R. Co.*, 50 App. Div. 558; *Schiveren* v. *B. H. R. R. Co.*, 89 App. Div. 340; *Little* v. *Banks*, 85 N. Y. 258; *City of Rochester* v. *Campbell*, 123 N. Y. 405; *Smyth* v. *City of New York*, 203 N. Y. 106.) Quite apart from the consideration that the paving company is liable to the city for its failure to perform the duty which it assumed and owed to the public, whereby Antonucci was injured, damages to whom the city was obliged to pay, and for which payment the city is entitled to reimbursement, the paving company expressly agreed to indemnify the city, in clause J, for damages sustained by it " on account of any act or omission of the contractor or his agents." (*Mayor, etc.,* v. *Brady*, 151 N. Y. 611; *F. C. G. & E. Co.* v. *H. R. T. Co.*, 200 N. Y. 287; *Mack Paving Co.* v. *City of New York*, 142 App. Div. 702.)

*Bertrand L. Pettigrew* and *Walter Lester Glenney* for respondent. The appellant cannot recover from the

respondent the damages sued for herein, no affirmative negligence on the part of respondent being alleged, but, at the very most, merely a failure, or a refusal to enter upon the performance of work contracted to be done. (*Mack Paving Co.* v. *City of New York*, 142 App. Div. 702; *Cuilhe* v. *Ackerman*, 58 Misc. Rep. 538; *Levy* v. *Roosevelt*, 131 App. Div. 8; *City of Rochester* v. *Campbell*, 123 N. Y. 405; *Prescott* v. *Le Conte*, 83 App. Div. 482; *Manhattan Ry. Co.* v. *Cornell*, 54 Hun, 292; 130 N. Y. 637; *O'Keefe* v. *City of New York*, 173 N. Y. 474; *Trustees of Geneva* v. *Brush Electric Co.*, 50 Hun, 581; 130 N. Y. 670.) The control of the street remained in the appellant, the city of New York, and no other duty than a contract obligation was imposed upon the respondent. (*People ex rel. C. S. Co.* v. *Monroe*, 85 App. Div. 542; *Trustees of Geneva* v. *Brush El. Co.*, 50 Hun, 581; 130 N. Y. 670; *Bunninger* v. *City of New York*, 177 N. Y. 199.)

GRAY, J. This action was brought by the city of New York to recover from the defendants the amount, which had been paid in satisfaction of a judgment theretofore recovered against the former, at the suit of a person injured upon one of its streets. The complaint was demurred to by one of the defendants for insufficiency of the facts alleged to constitute a cause of action. The demurrer has been sustained in the courts below and the present appeal is from a final judgment, entered upon the plaintiff's failure to serve an amended complaint. The justices of the Appellate Division were sharply divided in opinion and the question of law presented upon this appeal turns upon the construction to be given to certain provisions of a contract, made by the city for the grading and paving of one of its streets. This contract, which is made part of the complaint, was with the defendant, the Sicilian Asphalt Paving Company, respondent here. By a clause of the contract, the contractor was to furnish all the

labor and materials necessary, in accordance with specifications attached, to regulate, grade, pave, or repave, with asphalt pavement a portion of 45th street and was to "maintain said pavement in good condition to the satisfaction of the President, (of the Borough), for the period of five years from the final completion and acceptance thereof." By another clause, the contractor agreed that, "*during the performance of the work herein set forth* he will place proper guards upon and around the same for the prevention of accidents, * * * will indemnify and save harmless party of the first part against and from all suits and actions, of every name and description, brought against them, and all costs and damages to which it may be put on account, or by reason, of any injury or alleged injury to the person or property of another, resulting from negligence or carelessness *in the performance of the work,* or in guarding the same, or from any improper materials used in its prosecution." By another clause, the contractor agreed "to repair and make good, to the satisfaction of the Engineer, any disintegration, cracks, bunches, levees or settlement or any depression in the pavement that shall measure more than three-eighths (⅜) of an inch from the under side of a straight edge four (4) feet long, which shall occur at any time during the period of five years from the date of the acceptance of the whole work under the contract, *when notified so to do* by the President by a written notice to be served on him. * * * *During the period of maintenance,* the contractor shall, within five (5) days after the receipt of notice so to do, restore the pavement over all openings made by corporations or plumbers for making new service connections, or repairing, renewing, or removing the same, and over all trenches made for carrying sewers, water or gas pipes or any other sub-surface pipes or conduits, for the building or laying of which permits may be issued by the President." After the completion and acceptance of the work called for by the contract, and within five years,

4

permission was granted by the president of the borough to the defendant, the Consolidated Telegraph and Electrical Subway Company, to open the pavement at Nos. 537 to 547 West 45th street. This permission was granted with the condition that that company should indemnify the city against all damages, which might result from the company's negligence, and with the consent of the defendant, the Sicilian Asphalt Company, and upon the express understanding that the latter would restore the pavement at the expense of the Consolidated Telegraph and Electrical Company. The asphalt company was duly notified to restore the pavement over the openings made; but failed to do so prior to the happening of an accident, which was caused by the opening in the street. The injured party, thereafter, recovered a judgment against the city for the damages caused to him.

The judgment below, which sustained the demurrer interposed by the asphalt company to the complaint, was correct; for the reason that its contract with the city, only, made it answerable over for such damages as might be recovered against the city by reason of accidents happening through the contractor's negligence during the performance of the work of construction, or of subsequent repairing. The contractor was not responsible generally for what personal injuries might be occasioned by reason of defective conditions in the street; but, only, became responsible therefor as its agreements in the contract might devolve responsibility upon it. When the work was performed, which the contract required, then, no other continuing liability was provided for, except by the agreement to maintain the pavement in good condition for the period of five years. That, simply, imposed upon the contractor a duty to see to it that the pavement, which it had laid, should be properly serviceable for street purposes during the period stipulated. There was a distinct and separate agreement, on its part, that, when notified to that effect by the president of the borough,

it would repair and make good certain defects specified, which might be found in the pavement; with the right reserved to the president of the borough, upon its failure to do so, to cause the repairs to be done at the contractor's expense.     Another provision, which bound the contractor during the period of maintenance, required it, within five days after the receipt of notice so to do, to "restore the pavement over all openings made by corporations or plumbers," for which permits might be issued by the president of the borough.     This provision is an amplification of the contractor's agreement to make repairs during the five years constituting the period of maintenance. It contemplated a condition quite likely to arise in the use of the streets.     It was a further consideration for the contract and the city, thereby, relieved itself of the expense of that class of street repairs.     But the primary liability of the city for the safe condition of its streets could not, and never did, shift to the contractor and the latter never undertook to keep the street in repair.     It could neither make repairs, nor be held for failure in that respect, until the notice had been given.     (*O'Keeffe* v. *City of N. Y.,* 173 N. Y. 474.)     Its agreements to repair, and to restore, the pavement, in no reasonable view of the contract, comprehended a liability over for personal injuries occasioned by defective street conditions; they subjected it to a liability to make good to the city such expense as the latter might incur in doing the work, which the contractor had agreed to do.     The argument of the appellant is based upon the erroneous premise that the contractor, by force of its agreements, had obligated itself to perform on behalf of the public the duty which rested upon the municipality.     The contract imported no such obligation and the city could not evade, suspend, or cast upon others, the duty, as to the public, of maintaining the streets in a safe condition.     (*Storrs* v. *City of Utica,* 17 N. Y. 104; *Turner* v. *City of Newburgh,* 109 ib. 301.)     The city had not given over the street to the con-

tractor; in which respect the case differed from one where a railroad company, in consideration of the license from a municipal corporation to use the streets, has agreed to keep the portion of the streets used in repair. In such a case, the railroad company, as it was said in *City of Brooklyn* v. *Brooklyn City R. R. Co.*, (47 N. Y. 475, at p. 485), "contracts to perform that duty to the public in the place and stead of the municipality, and the way is given over to him for that purpose. * * *" The railroad company, in that case, would be liable, independently, for an injury caused by a defect in its reserved portion of the street, by reason of its failure to perform its agreement to keep it in repair.

This contract neither contains, nor imports, any agreement on the part of the contractor, after completion of the work contracted for and during the period of maintenance, to do anything more than to maintain the pavement, as it had been accepted, and to make such repairs, or to do such relaying of the pavement, as are stipulated for and which may be indicated in the notice to be served.

It does not appear that the contractor was at fault here, in any respect; except as it had failed to comply with the notice from the city to restore the pavement over the openings made by the Consolidated Telegraph and Electrical Company. Liability for that failure would be measured by the expense, to which the city would be put in causing the work to be done. Enough has been said, in connection with the discussion at the Appellate Division, to indicate the grounds upon which we place our affirmance of the judgment appealed from.

CULLEN, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK, and MILLER, JJ., concur.

Judgment affirmed, with costs.