Edbr, J.
(concurring). I agree entirely with Judge Ftjld’s analysis and his conclusions, but believe something should be said about what I regard as a basic fallacy in the opposing views of appellants.
In this branch of the law it is necessary to keep clearly in mind the distinction between tort or implied indemnity and contract or express indemnity.
“ Implied indemnity ” is a doctrine “ based upon principles of equity ” (Trustees of Geneva v. Brush Elec. Co., 50 Hun 581, 584) evolved by the courts to ameliorate in exceptional circumstances “ the rigor of the rule which forbids recourse between wrongdoers,” (Washington Gas Light Co. v. District of Colum *96 bia, 161 U. S. 316, 327.) It is applied only in situations where the relationship between joint tort-feasors to one another or to the event indicates snch a difference in their respective delinquencies that one may be said to be actually or primarily, and the other only legally or secondarily, responsible for the happening of the consequent damages. The law will then imply an obligation on the part of the former to indemnify the latter. The doctrine is not necessarily limited to the traditional active-passive differentiation between joint tort-feasors. It includes also cases of neglect of a duty owing by both but which, as between the two, was to be performed by one of them. (See, for example, Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461; Phoenix Bridge Co. v. Creem, 102 App. Div. 354, affd. 185 N. Y. 580; Tipaldi v. Riverside Memorial Chapel, 273 App. Div. 414, affd. 298 N. Y. 686; Wischnie v. Dorsch, 296 N. Y. 257.) In this category of ‘ ‘primary and secondary duties ” liability to the injured person is imposed on both by reason of the nondelegable duty owed him as a member of the public or class to be protected. But this does not affect the question of indemnity as between the tort-feasors themselves. To determine that question the courts are required to take into consideration the terms of any agreement between the tort-feasors, the incidents of their business relationship and the provisions of any statute on the subject — that is to say, the fact situation as a whole. The contract between the parties is merely part of the entire factual complex from which the law may imply indemnity. Nor is it an essential prerequisite; “ one who has been held legally liable for the personal neglect of another is entitled to indemnity from the latter, no matter whether contractual relations existed between them or not ”. (Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, supra, p. 467.)
“ Contract indemnity,” on the other hand, is part of general contract law and, in this connection, is concerned with situations where a tort-feasor has sought to provide indemnification for himself by the terms of a written contract. The factual circumstances may be such that no implication of indemnity could arise. The contract nevertheless is held to accomplish the desired result provided ‘ ‘ such intention is expressed in unequivocal terms.” (Thompson-Starreft Co. v. Otis Elevator Co., 271 N. Y. 36, 41.) The contract then is the sole source for *97 recovery over against a joint tort-feasor. It is in this field that the rule has been established that indemnification against a party’s own negligence will not be implied but must be expressed in clear and unequivocal terms. (Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422; cf. Wischnie v. Dorsch, supra.)
City of Brooklyn v. Brooklyn City R. R. Co. (47 N. Y. 475) is clearly a case of implied indemnity. To call it a “ contract case ” or to refer to the bond there given as an “ indemnity bond ” is to honor form over substance. Nowhere in the franchise or bond was there any reference to claims for injury or damage. The railroad merely covenanted to keep the prescribed pavement area in repair. Tested by the standards of contractual indemnity the franchise and bond were wholly insufficient for a finding of indemnity. However, this court did find a basis for implied indemnity in the circumstance that the railroad’s obligation of repair was coupled with the privilege granted to it to use that portion of the street for its private benefit.
No distinction in principle is discernible when that same obligation is required by a statute obviously intended to do away with the necessity of each municipality’s obtaining individual covenants from street railroads. Indeed, it is presumptuous to attribute greater effectiveness to a covenant exacted by the common council of a city, which is merely an arm of the State, than to an almost identical statute enacted by the Legislature of the State. It would be anomalous to permit a city to shift by its own act ultimate responsibility for injuries occasioned by neglect in the care of its streets while denying such power to the Legislature, which “ acts supremely ” in the organization of cities and in the assignment of their powers and duties (MacMullen v. City of Middletown, 187 N. Y. 37, 41) subject only to constitutional home rule provisions not here involved. Whether the duty laid upon the railroad be contractual or statutory is of no significance; it is the fact of the duty being charged to the railroad in consideration of the privilege conferred to use the city’s streets which renders it liable in case of neglect to persons injured as well as by way of indemnity to the city. (See City of Rochester v. Campbell, 123 N. Y. 405, 418.)
While the city’s underlying duty with regard to its streets implicit in its acceptance of a charter from the State (Whittaker *98 v. Village of Franklinville, 265 N. Y. 11, 15) was not affected, it is quite clear from this statute, no less than the covenant in City of Brooklyn (supra), that the privilege conferred upon the railroad carried with it the active and primary responsibility for the care of the allotted portion.
Curiously enough, each of the arguments advanced in this case against indemnity applies with equal force to the holding in City of Brooklyn (supra). But no one has even suggested that that decision, which is a landmark in the law of implied indemnity, is bad law.