## DORWIN *vs.* POTTER.

Where in a lease of a dairy farm for five years, the lessor agreed to put the barns on the premises in a good state of repair but neglected to do so ; *held* that the damages of the lessee which he was entitled to recoup in a suit for rent were the amount it would cost to put the barns in repair, and not the detriment which he suffered by their remaining out of repair during the term.

MOTION to set aside a report of referees. The action was assumpsit, of January term, 1844, for non-payment of rent and other breaches of the provisions of a lease which the plaintiff had given to the defendant. The lease was dated 29th September, 1838, and by it the plaintiff leased to the defendant a farm of 240 acres of land in Champion, Jefferson county, together with eighteen cows and certain young cattle and swine and certain farming utensils, for five years from the 15th day of March, 1839. The plaintiff agreed that the barns on the premises should be put in good order. The defendant agreed to pay the taxes, and a rent of $375 annually ; to make certain fences ; to manage the farm in a good farmerlike manner, and to observe certain rules in respect to cutting off the wood and as to the quantity of land to be ploughed. Plea, *non-assumpsit*, with notice of set-off, and of recoupment of damages, on account of the plaintiff's failure to put the barns in good order according to his agreement.

On the trial it appeared that a part of the fourth and the whole of the fifth year's rent was in arrear. The defendant proved a set-off which reduced the unpaid balance of the rent to about $300.

To establish his claim for damages for not repairing the barns, the defendant gave evidence as to the state of repair in which they were, and that the farm was carried on as a dairy farm. It appeared that the roofs of some of the barns were leaky, and some of them had bad floors. He then called several witnesses who were practical dairymen, but who were unacquainted with the condition of the barns in question, except

that they had heard them described by the other witnesses; and inquired of each of them what the defendant's damages were on account of the condition of the barns. The plaintiff's counsel objected to the inquiry in each instance, but the objection was overruled by the referees. The witnesses testified that cows would eat one-third more and would produce a quarter less in consequence of being kept in such barns as these were; and they stated the average produce of butter and cheese for each cow and the price of these articles, and also the price of hay and the quantity that a cow would ordinarily consume. The plaintiff also proved the amount of stock kept by him on this farm. The report was that nothing was due the plaintiff.

*C. P. Kirkland,* for the plaintiff, moved to set aside the report. He maintained that it was obvious that the referees had adopted an improper rule of damages. They should have deducted from the rent in arrear only so much as would be necessary to put the barns in order, instead of which they undertook to allow the defendant what he possibly might have made in the dairy business with proper structures of that kind. This was erroneous. (*Lincoln* v. *The Sar. & Sch. R. R. Co.,* 23 *Wend.* 425; *Blanchard* v. *Ely,* 21 *id.* 342; *Van Epps* v. *Harrison,* 5 *Hill,* 63; 2 *Barn. & Cress.* 273.) But if the damages were assessed on a correct principle, the evidence as to the amount was incompetent. (*Paige* v. *Hazard,* 5 *Hill,* 603.)

*J. A. Spencer,* for the defendant. The plaintiff's violation of contract was continuous, and the manner in which it affected the defendant was to make his business at all times more expensive and his gains less. These then were the proper measure of damages. There is no evidence however what rule the referees adopted, but upon the whole case it is apparent that the defendant suffered damage to at least the amount of rent in arrear.

*By the Court,* WHITTLESEY, J. The defendant, in addition to the set-off, could doubtless recoup the damages he had

sustained by reason that the barns on the demised premises were not placed in that state of repair required by the agreement. (*Whitbeck* v. *Skinner*, 7 *Hill*, 53.) The material question here is as to the proper rule of damages for such neglect to repair. We do not know what rule the referees adopted, but the questions permitted to be put to the witnesses, after objection, would only be admissible upon the ground that the defendant was entitled to all the damages which he might have sustained by injuries to the cows and young cattle, the increase of food required, and the decrease of produce by reason of the state of the barns in question. It strikes me that such damages are altogether too remote and contingent, and that the true rule of damages is the sum necessary to place the barns in that state of repair in which they were to be put according to the agreement, with interest thereon if the referees thought proper to allow interest. (*Blanchard* v. *Ely*, 21 *Wend.* 342; 2 *Barn. & Cress.* 273.) The referees consequently erred in admitting testimony of the kind above referred to, and I think therefore the report of the referees should be set aside.

Motion granted.