[No. 4961.]

### LEOPOLD LOUPE v. WM. H. WOOD.

DAMAGES CAUSED BY A TORT.—If a party leases to another a cellar for stor-ing goods, and represents that it is dry and safe from water, the fact that its walls are defectively constructed, so that, as the result of a rain-storm and high tide, the water is backed up in a sewer and forced into the cellar; and the goods are injured, do not give the lessee a cause of action in tort to recover the damages.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The defendant executed to the plaintiffs a lease of the first floor and cellar of No. 216 California street, San Fran-

cisco, for the term of one year, with the privilege of another upon giving notice of thirty days before the expiration of the year. The memorandum in writing constituting the lease contained nothing further, except an agreement of the lessees to pay the rent monthly, in advance. The lease was dated August 1, 1869. The plaintiffs continued to occupy until the twenty-third of December, 1871, when their goods were injured by water coming into the cellar. This action was commenced December 6, 1873, to recover the damages. The complaint averred that the plaintiffs took a lease of the premises, and that the defendant, the lessor, represented to them that the cellar was dry and safe against water, and suitable for storing groceries, and that the plaintiffs took the lease relying on such representations, and placed groceries in the cellar, but that the cellar was badly constructed and imperfectly drained and sewered, and water flowed in and injured the goods, and that the cause of the water flowing in was bad construction, drainage and sewerage. On the trial, the plaintiffs' evidence tended to prove that before taking the lease, the defendant's agent represented to them verbally that there would be no trouble about water, because the cellar had been reconstructed in the most substantial manner; and that after the damage had been sustained by the defendant, the plaintiffs showed the defendant what had occurred, and he said he would do what was right about sustaining the loss. The other facts proven are stated in the opinion. When the plaintiffs rested, the defendant moved for a nonsuit, for several reasons, the fourth of which was that the facts proved by the plaintiffs did not constitute a cause of action. The court denied the motion, and gave judgment for the plaintiffs. The defendant appealed.

*Crane & Boyd,* for the appellant, argued that the complaint did not charge false representations, or deceit, or fraud, but that the action was in the nature of an action *ex contractu,* and that the representations did not amount to a warranty or covenant, and that they were merged in the lease.

*Edward J. Pringle,* for the respondent, argued that it was not an action on a warranty, or an action *ex contractu,* nor one founded on misrepresentation, but that the action was in tort, and cited *Alston* v. *Garnt,* 3 Ellis & B., 128; *Scott* v. *Simons,* 54 N. H. 429; *Gill* v. *Middleton,* 105 Mass. 477; *Marshall* v. *Cohen,* 44 Ga. 489; *Stapenhorst* v. *Am. Manufacturing Co.,* 15 Abb. P. R. (N. S.) 355.

By the COURT:

The respondent admits in argument here that the action is not "on a warranty, express or implied, nor an action *ex contractu,*" nor "upon misrepresentation," but is in tort. The supposed tort consists only in the alleged fact that the cellar which was demised to the plaintiffs was imperfectly and defectively constructed, so that, as the result of a heavy rainstorm, conjointly with a high tide in the bay, the water was backed up in the main sewer in California street, and was forced under the sidewalk and into the cellar. The damage did not result from any affirmative wrong done by the defendant, or neglect of duty on his part, for which he can be held responsible in this action.

The plaintiffs should have been nonsuited on the fourth ground stated by the defendant in his motion for a nonsuit.

Judgment and order denying a new trial reversed, and cause remanded, with directions to nonsuit the plaintiffs.