By the Court.—Speir, J.
The representations alleged to be false were made by defendant’s agent with intent to deceive and defraud the plaintiff, and that the loft hired by him was tenantable and suitable for his business, and that no oil had ever been stored in it, and that it had been used only for light mechanical work. Before the plaintiff went into possession under the lease, he had access to the premises during April for alterations, and expended several hundred dollars in partitions and fitting up the premises. About the first of May the plaintiff received a consignment of tobacco, and one of his men called Hangan, in moving the cases, slipped on the floor, and the plaintiff complained to the defendant’s agent, who suggested that the floor should be scrubbed. After this was done, he showed the agent the floor, and threatened to go out on account of its condition. The agent told him he should hold him to his lease, but added, “ I will lay you a new floor, and you have to stay.” Thereupon plaintiff paid his monthly rent each month, upon the renewed promises of the agent to lay a new floor, but the floor was not laid. This continued up to November following, when the plaintiff refused to pay further rent.
The accident occurred in the next December. The plaintiff, in trying to pull a case of tobacco from the wall into the room nearer the light, with a truckman’s hook, slipped and struck his elbow, and his arm was permanently injured. Afterwards the plaintiff saw the defendant himself, and said to him “thatthis happened through the promise of his agent, promising me from time to time to laya new floor and didn’t do it. He said if he promised me a new floor he ought to lay *254 it for me; he was authorized by him to do all necessary repairs, and had plenty of money to do it with.”
The testimony was wholly that of the plaintiff and his witnesses. There are no contradictions, and the proof is clear and ample to show that it was false. With the facts proven that the plaintiff made particular inquiry of the defendant’s agent of the oil having been stored in the loft, and the repeated promises to lay a new floor, and that the value of the premises for his business was greatly lessened by reason of the storage of oil, if not wholly unfit for the plaintiff’s business, it is difficult to believe that the agent did not intend to induce the plaintiff to believe the statement made to him, and that he did deceive the plaintiff until the tenancy was secured.
A motion was made to dismiss the complaint on two grounds. First, that the action was on contract, and there being no allegations in the complaint for any repairs it would be changing the cause of action to recover for personal injuries. Second, if the action is to be maintained as one of tort the plaintiff was guilty of contributory negligence.
The judge held that there could be no recovery on the part of the plaintiff if the cause of action set up in the complaint be held, to be one of negligence, and he therefore dismissed the complaint so far as a recovery was sought on this ground. The court gave the plaintiff the option to treat the action for a breach of contract to repair, and that in that case, as no actual damage properly recoverable for such a breach had been shown, to direct a verdict for nominal damages.
The plaintiff decided to consider his action ex delictu. According to his own testimony he had before him the experience of his servant Hangar when he threatened to cancel his lease and go-out. His own injury occurred after this by slipping on and using the same floor. *255 After the actual experience of the dangerous condition of the floor this was contributory negligence on the part of the plaintiff.
Although the plaintiff relied upon the positive false representations of the defendant’s agent that the premises were tenantable and suitable for his business, and that no oil had been stored therein, which, if so stored rendered the occupation injurious to his business or even uncomfortable, he would probably on this account have been justified in abandoning them as untenantable. But he continued to occupy, complaining of their condition, and he must be deemed, to have remained there on reliance upon the defendant’s repeated promises to lay a new floor. When he discovered that these' representations were false and that he had been deceived as to their condition, he could claim the right to abandon the premises and rescind the lease. In such case he would be entitled to recover the value of the improvements, if any, by him made, his expenses in moving, and possibly damages for loss of business, if any had been sustained. It was also optional for him to remain and put the premises in the condition the representation or agreement entitled him to have them in.
But he could not remain, after full knowledge of the deception practiced upon him, and of the unfit condition of the premises for his use, and still claim the right to rely upon the false representation as an item of damages, when, by his own subsequent acts, he had deprived himself of any such right. If the floor was in a dangerous condition for use he could not take the risk of continuing its use, and look to the landlord to indemnify him for any loss he might sustain in using it. The plaintiff, therefore, had the same right of action, and no greater, than he would have had when he made the lease, if no misrepresentations had been made and he had gone into possession relying on an agree *256 ment to repair. If there be no agreement to repair, the landlord is not answerable for the condition of the building. In order to create an obligation on the part of the landlord, to repair, in whole or in part, .the premises demised, a positive stipulation, an express covenant or promise, is necessary to be proved. The duty which arises from the relation' between landlord and tenant, or which can be implied from the nature of their contract, creates no obligation to repair. Even where the building is let for a special purpose, or its occupation for any other purpose is in terms prohibited, there is no implied contract or warranty on the part of the landlord that the tenement shall be or continue fit for the purpose for which alone it is demised (Jaffe v. Harteau, 56 N. Y. 398; O’Brien v. Capwell, 59 Barb. 497).
As to the damages for neglect to repair, the true rule of damages recoverable are only what the repairs would have cost if made by the tenant, or the loss of the use of the premises during the period required for the purpose of making such repairs, or the difference in value of the use of the premises as they are and as the lessor agreed to put them in. If the repairs are not made the damages would be merely nominal (Darwin v. Potter, 5 Den. 306; Cook v. Soule, 56 N. Y. 420; Hexter v. Knox, 7 J. & S. 109; 63 N. Y. 561).
The plaintiff claims that, under the circumstances, the defendant is liable for the accident, for the natural and proximate consequence of the breach of the covenant which creates a duty, and that the neglect to perform that duty is a ground of actiomin tort.
The argument, as I understand it, is that the parties knew there was an element of danger if the floor should remain in that condition, and that each contemplated that when the contract was made to lay a new floor ; it was a special agreement; and that the injury *257 sustained by the plaintiff was on account of the neglect of the defendant to lay the floor, and was proximate, not remote or consequential.
As before stated, unless there be an express agreement to repair, the landlord is not answerable for the condition of the building. Here there was no such agreement. The case rested upon the subsequent parol promise to lay the floor, after being notified of its defective condition. It is not founded on a new consideration, and can add nothing to the original obligation, and furnishes no ground for awarding additional damages.
Had there been an agreement of the landlord to repair, it could only have reference to the condition of the building or premises demised, for the purpose of the profitable use and the pecuniary benefit to be derived from the engagement, or loss from being deprived of their use in such state of repair as the agreement intended. The mere agreement to repair in no way contemplates any destruction of life, or injuries to the person or property of any one which might accidentally result from an omission to fulfill the agreement in every respect. The only case which holds a different doctrine is found in Johnson v. Dixon (1 Daily Reg. 178), which was overruled in the later case, in the same court, of Flynn v. Hattan (43 How. Pr. 333). I find no warrant in principle or authority for the proposition that a landlord, under a contract to keep the premises in repair, is for breach, is also further liable to his tenant as in tort for willful refusal or neglect to perform his obligation.
There must be judgment dismissing the complaint, with costs.
Van Vorst, J., concurred.