ELIZA WENZLICK, Respondent, *v.* SAMUEL G. McCOTTER, Appellant.

A conductor pipe, designed to convey water from the roof of a building in a city to the ground, when constructed with due care and proper precaution, and in the absence of a municipal ordinance forbidding the discharge of water in this manner, is not, in itself, unlawful, and cannot be deemed a nuisance even if it discharges upon the sidewalk.

Where a person acquires title to land upon which is a nuisance, the mere omission to abate or remove it does not render him liable; there must be something amounting to actual use, or a request to abate the nuisance must be shown.

The owner of certain premises in the city of. B. built thereon two houses, numbered respectively 18 and 20, with a porch extending along in front of both, through the roof of which, on the division line, between the two lots, was a pipe, or leader, which descended to the sidewalk on No. 18, just inside of, if not upon said line. Defendant purchased No. 18, and so changed the roof of its porch that the water therefrom was discharged another way and none of it reached the pipe in question. Water from No. 20 passed through the pipe on to the sidewalk in front of No. 18 and

there froze. Plaintiff slipped upon the ice, fell and was injured. No. 18 was not, at the time, in the possession of defendant, but in that of his tenant. In an action to recover damages, *held* that defendant was not liable; that the pipe itself was not a nuisance, and in the absence of any municipal ordinance prohibiting this mode of carrying off water from a roof, it was not unlawful; but, if so, as defendant neither erected it nor used it he was not liable until requested to abate it.

*Wenzlick* v. *McCotter* (22 Hun, 60), reversed.

*Brown* v. *C. & S. R. R. Co.* (12 N. Y. 486); *Wasmer* v. *D. L. & W. R. R. Co.* (80 id. 212); *Irvine* v. *Wood* (51 id. 224); *Clifford* v. *Dam* (81 id. 56), and *Walsh* v. *Mead* (8 Hun, 387), distinguished.

(Argued October 28, 1881 ; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 14, 1880, which affirmed a judgment in favor of the plaintiff, entered upon a verdict. This action was brought to recover damages caused by an alleged nuisance. (Reported below, 22 Hun, 60.)

The complaint stated that the defendant was the owner of a certain house and premises on Fourth street, in the city of Brooklyn, and for their accommodation, " and connecting therewith and extending across the sidewalk on said street," was an iron leader of pipe, so constructed and maintained by him as to become filled and overflowed with water and ice, and to become dangerous to persons traveling on the street, and a public nuisance; that the plaintiff, while passing through this street, and by reason of the negligent acts of the defendant in maintaining said leader and the ice collected thereon, tripped and fell over the same, and thus sustained injuries to her person. These allegations were put in issue. On the trial it appeared that many years before 1871, two houses, numbered respectively 18 and 20, were built by one person on the said street; a porch or piazza extended along the whole front; through its roof a conductor pipe or leader was inserted opening on the party line, and thence descending, passed to the sidewalk on No. 18, just inside of, if not upon the division line between it and No. 20. In 1871, the defendant purchased house No. 18, and in 1872,

so changed the arrangement of that part of the roof of the porch belonging to it, that none of the water collecting upon it could reach the pipe in question, but was led through another pipe to a drain below the walk. On the 27th of December, 1876, water from the porch of No. 20 had passed through the conductor pipe on to the sidewalk in front of No. 18, and there frozen. The plaintiff, without fault on her part, as the jury found, slipped upon the ice, and falling, received injuries, for which this action was brought.

Upon the trial it was admitted that premises No. 18 had been rented by the defendant, and were, at the time of the accident, not in his possession, but in the possession of his tenant. At the close of the evidence on the plaintiff's part, and again at the end of the case, the defendant moved for a dismissal of the complaint, upon various grounds, sufficiently referred to in the opinion. The motion was denied, and the court charged the jury that the defendant was "liable, from the fact that he had permitted this pipe to run across his premises and be used by his neighbor," and a verdict having been rendered for the plaintiff, subject to its opinion upon questions of law, gave judgment upon the verdict, on the ground that the pipe was a nuisance, "and the defendant's liability the same as if the water came from his own premises." At the General Term the judgment was upheld, upon the ground that "the leader" was "a nuisance."

*John A. Taylor* for appellant. As there was no proof that defendant constructed or maintained the pipe complained of, or that any water flowed through it, or that he knew of its existence, the motion to dismiss the complaint should have been granted. (*Cleves* v. *Willoughby*, 7 Hill, 83 ; Gibbons on Nuisances, 394 ; Wood on Nuisances, § 40 ; *Seaman* v. *Mayor of N. Y.*, 80 N. Y. 239.) The proximate cause of the accident being the wrongful and careless user of the premises by the occupants in failing to keep the sidewalk free from ice, whether accumulating from natural causes or from the discharge of water from the conductor, the landlord was not liable.

(*Kirby* v. *Boylston Market Ass'n,* 80 Mass. 249; Wood on Nuisances, 776–7; *Russell* v. *Shenton,* 2 G. & D. 573; *Pretty* v. *Bickmore,* L. R., 8 Com. Pl. 401; *Gwinnell* v. *Eames,* 32 Law Times Rep. 835; *Nelson* v. *Liverpool Co.,* 25 W'kly R. 877, 1877; *Blake* v. *Ferris,* 5 N. Y. 48; *Peck* v. *Mayor,* 8 id. 222.) The occupier and not the owner is *prima facie* liable. (*Leonard* v. *Spaulding,* 4 Cush. 277; *Packard* v. *Collins,* 23 Barb. 444; *Fish* v. *Dodge,* 4 Denio, 312.) When an essential element of the nuisance in any particular case is the negligence of the tenant, the owner is not liable. (*Kirby* v. *Boylston Market Ass'n,* 80 Mass. 249, 251; *Shipley* v. *Fifty Associates,* 101 id. 251; 106 id. 194; *Leonard* v. *Storer,* 115 id. 86.) If the negligence of the tenant was necessary to intervene before the premises were dangerous, the owner was not liable for that. (Wharton on Negligence, § 138; id., § 134; 1 Addison on Torts [4th Eng. ed.], 198.) The court erred in refusing to submit to the jury the question of whether the defendant was guilty of negligence or not. (*Clifford* v. *Dam,* 81 N. Y. 52; *St. John* v. *Mayor of N. Y.,* 6 Duer, 315; Wood on Nuisances, § 32; 3 Blackstone, 220.)

*A. H. Dailey* for respondent. It was not necessary in the first instance that plaintiff should prove want of contributory negligence. (*Clifford* v. *Dam,* 81 N. Y. 56.) If a man permits his property to be used in such a manner as to make dangerous and unsafe the public street, and assents thereto, he becomes liable. (*Walsh* v. *Mead,* 8 Hun, 387; *Lindsley* v. *Bushnell,* 15 Conn. 225; *Wasmer* v. *Del., L. & W. R. R. Co.,* 80 N. Y. 212; *Irvine* v. *Wood,* 51 id. 224.) The motions to dismiss the complaint and to direct a verdict for defendant were properly denied. (*Althorf* v. *Wolfe,* 22 N. Y. 355; 14 id. 486, 494.)

DANFORTH, J. *First,* it is unnecessary to consider whether at the close of the plaintiff's case she had established a cause of action. The defendant did not then retire from the contest; and if the necessary facts were after that established, it is

sufficient. (*Murray* v. *Judah*, 6 Cow. 484; *Jackson* v. *Leggett*, 7 Wend. 377.)

*Second*, it is well to observe that the proof failed to sustain the averment of the complaint as regards the position and extent of the pipe upon the sidewalk. It did not reach the street, nor did it abridge the area of the walk. Nor does the decision below or the contention of the respondent rest upon that averment. Both stand upon the fact that it was the medium through which water was discharged thereon. I do not, however, find the law to be that a conductor pipe, designed to convey water from the roof to the ground, when constructed with due care and proper precaution, is in itself unlawful, so that it can be deemed a nuisance, even if its mouth is toward the walk, and it discharge upon it. Of course, if it was a wrong or a trespass, the recovery here might be justified. But the water itself caused no injury; nor was the owner of the property forbidden by any ordinance to relieve his roof in that manner. It is common in cities to direct rain or melting snow from the roof to the gutter and thence to the leader, and so on to the sidewalk or street. Unless prohibited by positive regulation it is not an offense. If, when gathered, the water is poured upon the traveler, a different question would arise. But as the care of streets and sidewalks is intrusted to the municipality, if they do not object to the discharge, I do not see how an individual can. Once upon the walk, and there frozen and permitted to remain, it may subject the municipality to an action for an omission of duty. Upon this ground the city of Troy was held liable to one injured by stepping upon ice so formed. (*Todd* v. *The City of Troy*, 61 N. Y. 506.) While under like circumstances, it was held in *Kirby* v. *Boylston Market Association* (14 Gray, 249) that an action would not lie against the property-owner, and that the remedy for damages so incurred was exclusively against the city. Nor can the plaintiff's case be made out upon the ground that the defendant caused the obstruction. As he neither erected the pipe nor used it, at no time intermeddling with it in any way, or being benefited by it, the most that can be said is that he did not tear it up or remove it. If

it is a nuisance, it was placed there before he acquired title to his house, and his position is not unlike that of the owner of land upon which a third party should wrongfully enter and erect a nuisance. In such a case the owner would not be liable either for the erection of the nuisance or its continuance, until he was requested to abate it. If he used or repaired it, the case would be different, for thus he would become an active participant in the wrong. It is sometimes said to be enough to charge a defendant, that having acquired the title to land after the nuisance was erected, he has continued it. (2 Greenl. Ev., § 472.) But this must be taken to mean more than an omission to abate or remove it — something amounting to actual use. As, if the defendant simply suffer a dam erected upon his land by a former owner to remain, without being used by him, it is no continuance of the nuisance, unless he be first requested to remove it. (*Pierson* v. *Glean*, 2 Green, 36; *Morris Canal, etc., Co.* v. *Ryerson*, 27 N. J. Law, 457, 469.) To the same effect is *Beswick* v. *Cunden* (Cro. Eliz. 520), where the complaint was that the defendant *custodivit and manutenuit quandam molem* in a brook, "by reason whereof the brook surrounded his land." The court say its meaning is that he kept the bank as he found it, "and that is not any offense done by him, for he did not do any thing; and if it were a nuisance before his time, it is not any offense in him to keep it." And *Moore* v. *Dame Browne* (3 Dyer, 319), where the defendant's husband wrongfully inserted a pipe into the plaintiff's conduit, thereby drawing water at his pleasure to serve his house. After his death the wife was found guilty of continuing the nuisance erected by him, because by turning the cock and using the water, she assented to, and thereby adopted the wrongful act of the husband; later cases are to the same effect. (*Morris Canal, etc., Co.* v. *Ryerson, supra.*) Nor do those cited by the respondent establish any different doctrine. In *Brown* v. *Cay. & Sus. R. R. Co.* (12 N. Y. 486), the obstruction — a bridge — was not made by the defendant, but it had repaired the bridge by the insertion of new timber, placed a new rail upon the track resting thereon, and used it. And so in *Wasmer* v. *D. L. & W. R. R. Co.*

(80 N. Y. 212), there was use of the nuisance by the defendant. That case stands upon the general doctrine that he who knowingly adopts and uses a nuisance is just as responsible as he who created it. In *Irvine* v. *Wood* (51 N. Y. 224), and *Clifford* v. *Dam* (81 id. 56), the coal-hole which caused the injury was used by the defendants as appurtenant to their premises. In *Walsh* v. *Mead* (8 Hun, 387), the roof of the defendant's house was not furnished with a snow guard, proved to be an essential appliance on such a roof for the protection of persons traveling on the walks below ; and the plaintiff, while there, was injured by snow falling from the roof. The case is clearly distinguishable from this in the fact that the injury came from accumulations on the defendant's own house, and fell because he had improperly constructed it. In the case before us, the defendant by merely suffering the pipe to remain, doing nothing to it, in no way using it; cannot be said to have continued the nuisance. If I am right in this conclusion, it follows that the case stated in the complaint and adopted as the ground of judgment was not established.

Other objections are made to the plaintiff's recovery, but as for the reasons above stated the judgment must be reversed, I forbear to speak upon them, as the evidence upon which they are thought to stand may be varied if a new trial should be had.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.