<hr/>

LEONARD A. MERRITT, PLAINTIFF, *v.* MAURICE FITZGIBBONS AND OTHERS, DEFENDANTS.

*Negligence — when it is a question for the jury — liability, where two causes tend to produce the injury.*

There is not sufficient room between the curb line of Crosby street, in the city of New York in front of the defendants' place of business, and a railroad track laid in the said street to enable a team to stand there without stopping the cars. To obviate this difficulty, the defendants were accustomed to have their teams driven partly upon the sidewalk, thereby reducing the space for foot passengers to about two feet. The plaintiff, while passing with his brother, in single file, along this narrow way, slipped upon the cover of a coal-hole, fell under the horses feet, and was stepped upon by one of them, whereby his

leg was broken. The horses were not tied, but they did not become frightened or start. The coal-hole was not in front of the defendants' premises but of an adjoining house. It was snowing at the time of the accident, the ground being covered to nearly an inch in depth.

*Held,* that the court erred in refusing to submit the question of the defendants' negligence to the jury and in non-suiting the plaintiff.

When two causes contribute to produce an injury upon a highway, both of which are in their nature proximate, the one being a neglect to keep the highway unobstructed, and the other some occurrence for which neither party is responsible, there exists a liability on account of the defect if the injury would not have been sustained but for it.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed at the circuit.

*P. Q. Eckerson,* for the appellant.

*H. Sheldon,* for the respondents.

BARNARD, P. J.:

In considering this appeal we must assume that the defendants were guilty of negligence in having their horses standing upon the sidewalk. There is no other fact fairly in dispute; and as to this the plaintiff would have been entitled to go to the jury as there is no proof of any contributory negligence upon his part. The case is one arising upon these facts.

The plaintiff was walking along Crosby street, in the city of New York, about midday. The sidewalk is narrow and the street also. There is a railroad track in the street. There is not sufficient room for the truck and team to stand outside of the curb without stopping the street cars. To obviate this, defendant was accustomed to drive partly on the sidewalk; this reduced the foot-way for travelers to about two feet. The plaintiff and his brother passed along this narrow way in single file, and when the plaintiff was opposite the horses heads he slipped upon a coal cover over a coal-hole under the sidewalk, fell under the horses feet, touched the horse's foot, the horse lifted up his foot thereupon and in putting it down again broke the plaintiff's leg. The horses were not tied, but did not become frightened or start. The coal-hole was not in front of the premises occupied by defendants, and was not an obstruction chargeable to defendants. It is not proven that the cover was unsafe or that it was improperly made or fastened. It did

not give way.   It was snowing at the time and there was nearly an inch on the ground.   The plaintiff was improperly nonsuited.   The defendants were not liable for the coal covers.   The same was not in front of their premises; was not put in by them and was not used by them.   They were under no obligation to keep the snow from collecting in the street ( *Wenzlick* v. *McCotter*, 87 N. Y., 122), that was the duty of the city, but in the present case there could be no averment of negligence in that respect against either the city or the owner of the property.   The case must therefore be considered solely without reference to this coal cover as a proximate cause of the accident.   Unless the defendants are liable without imputing responsibility to them on account of the coal cover, they are not liable at all.   It must be assumed on this appeal that the plaintiff was free from fault which contributed to the injury.   Under the facts proven, his contributory negligence was a question for the jury.   The case then is this : A person walking carefully along a street, without fault, accidentally falls upon the sidewalk.   By reason of the defendants having put their horses and truck upon the sidewalk the plaintiff fell under the horses feet, and the horses stepped upon him and broke his leg.   When several proximate causes contribute to an accident, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes, but it cannot be attributed to a cause unless without its operation the accident would not have happened. (*Ring* v. *City of Cohoes*, 77 N. Y., 83.)

It is for the jury to say whether or not the accident would have happened but for the negligence of the defendants.   If they so say then the plaintiff is entitled to recover.   When two causes contribute to produce an injury upon a highway, both of which are in their nature proximate, the one being a neglect to keep the highway unobstructed, and the other some occurrence for which neither party is responsible, there is a liability on account of the defect if the injury would not have been sustained but for it.

The exception should be sustained.   Nonsuit set aside and new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., dissented.

Exceptions sustained and new trial granted, costs to abide event.