By the Court.—Sedgwick, Ch. J.
—The defendant, in his agreement of letting to plaintiff, covenanted to make “ the following repair in said premises before the 1st January, 1881, on the first floor; to do the work in the water-closet and wash-stand, and put the plumbing in perfect condition.” The plaintiff gave evidence to show that the *272 defendant did not, at any time, make the repairs ; that in August of 1881, the wash-basin, by reason of some defect of plumbing, was overflowed, and the water ran down into a lower floor, occupied by another person, arid damaged some of his goods ; that the damages were claimed from the plaintiff, and that he was obliged to pay $75 to satisfy the the claim. On the trial, the plaintiff recovered the $75 so paid, and also $75 as the amount paid to his lawyer for services in settling the claim for damages.
It was agreed substantially, on the argument, that there should not have been any recovery for the amount paid by the plaintiff to his counsel for his services.
As to the damages which came from plaintiff’s payment of a claim against him, I am satisfied that the judge below, in granting a new trial, took the correct view. Such damages were not within the contemplation of the parties. The covenant was not meant to be an indemnification of the plaintiff against the consequences of an overflow during the whole of the term. The damages were to be assessed as of the time of the breach, in January 1, 1881, and would consist of compensation to the plaintiff for himself making the repairs. The rule in Dorwin v. Potter (5 Den. 306) is applicable to such a case, as is stated in thé opinion of the court in City of Brooklyn v. Brooklyn City R. R. Co. (47 N. Y. 475).
An extract from the last cited case gives light to another view of the facts. It is, “and the covenantee, in the covenant to keep in repair is within the rule in Hamilton v. McPherson (28 N. Y. 72) and, being in the care and use of the property, bound himself to take measures that the disaster of his covenantor shall be as small as may be.” This intimates that it was incumbent upon the plaintiff to put the plumbing in order himself, especially as to damages to a third person that come from his own negligence.
The order granting a new trial should be affirmed, with costs.
Truax and Ingraham, JJ., concurred.