## New York Common Pleas.

*General Term—May,* 1884.

## JULIA H. CHADWICK *against* CORYDON A. WOODWARD.

**Landlord and Tenant, Covenant to Repair.**—Ordinarily, when the landlord violates his covenant to repair, the tenant may make the repairs and charge the landlord with the cost, or he may recover for the loss of the use of that part of the premises which the failure to repair has prevented him from enjoying. In order to recover consequential damages, it must appear that they were foreseen at the time of the contract. Damages are remote when they do not immediately and necessarily flow from the breach complained of. Bad sewerage as affecting the legal rights of the parties, considered.

Appeal from an order of the general term of the city court, affirming a judgment upon a trial had before Mr. Justice McADAM and a jury.

*Whitehead & Stuart,* for appellant.

*Foster & Thomson,* for respondent.

VAN HOESEN, J.—The only part of the answer that requires notice is the counter-claim. That claims damages for a breach by the plaintiff (the landlord) of her covenant to repair. The damages alleged are that the defendant and his family were made ill by bad sewerage, and that the defendant suffered by loss of

Chadwick v. Woodward.

business, in expense and by ill-health, to the amount of two thousand dollars. Upon the trial, the defendant offered to prove these damages, and also that he was obliged to leave the house and go into the country for the benefit of his health. The fact that he was obliged to leave the house and go to the country was not alleged, and therefore there was no error in refusing to allow the defendant to prove it. The sole question is, whether the damages alleged are not too remote. The counter-claim was, as I have said, to recover damages for the breach of the covenant to repair; and no charge of fraud is to be found in the pleadings. Damages are said to be remote, "when, though arising out of the cause of action, they do not so immediately and necessarily flow from it, as that the offending party can be made responsible for them" (*Mayne on Damages*, p. 26). Ordinarily, when the landlord violates his covenant to repair, the tenant may himself make the repairs and charge the landlord with the cost ; or, he may recover for the loss of the use of that part of the demised premises which the failure to repair has prevented him from enjoying (Myers v. Barnes, 35 *N. Y.* 273).

Our attention has not been called to any case in which a tenant, suing his landlord for a breach of the covenant to repair, has recovered damages for loss of health or loss of business. It has, however, been decided that loss of custom to a miller through the failure of the covenantor to make repairs to a mill was too uncertain and speculative to be considered in assessing damages (Middlekauff v. Smith, 1 *Md.* 329 ; Fort v. Oundorff, 6 *Heiskell*, 167). Why should not loss of custom to a dentist be regarded as too remote ? It has also been decided that the profits anticipated from the performance of a vocalist could not be recovered as damages, though the failure of the vocalist to perform was caused by sickness, which resulted from the cov-

enantor's breach of his covenant to put the theatre in fit condition for occupation (Academy of Music v. Hackett, 2 *Hilt.*, 234).

Mayne, in his work on damages, page 8, says that only those damages that are the primary and immediate results of a breach of contract are to be considered, and that the damages for which a contracting party is liable should be in proportion to the benefit he would receive if the contract were performed. In order to make the party committing a breach of contract liable for consequential damages, it must appear that they were foreseen at the time of the contract. It cannot reasonably be said that either the landlord or the tenant, when they entered into this lease, expected that the neglect to put the plumbing in good order would result in injury to the tenant's business. It does not even appear that the landlord knew what that business was.

Nor can it be supposed that either party looked forward to the tenant's sickness, or to the death of the tenant's servant, as something likely to follow an omission to put the plumbing in perfect order. There can be no question that the damages claimed for injuries to the health and business of the tenant were too remote. The actual outlays made by the tenant for repairs were allowed to him.

These observations dispose of this appeal. All the offers and all the exceptions relate to the proof of damages which are too remote to be recovered.

Judgment and order affirmed, with costs.

LARREMORE and J. F. DALY, JJ., concur.