MARY J. HAGGERTY, RESPONDENT, *v.* JANE E. THOMSON AND OTHERS, APPELLANTS.

*Nuisance — a purchaser of premises is not liable therefor until notified of its existence.*

Upon the trial of this action, brought to recover damages alleged to have been caused to the plaintiff's premises by a roof, gutter and conductor on the defendants' adjoining premises, which were said to pour water on the plaintiff's premises, it appeared that the gutter and conductor had been in the same position for some eighteen years, and that the defendants had purchased the premises in 1878. The defendants, who did not live in the city where the

premises were situated, testified that they had no knowledge that the gutter cast water on the plaintiff's premises.

*Held,* that without proof of previous notice to the defendants of the existence of the nuisance the action could not be maintained.

*Conhocton Stone Road* v. *Buffalo, New York and Erie Railroad Company* (51 N. Y., 573); *Miller* v. *Church* (2 T. & C., 260; S. C., 5 Hun, 342) followed; *Irvine* v. *Wood* (51 N. Y., 224) distinguished.

APPEAL from a judgment in favor of the plaintiff entered in Albany county upon the verdict of a jury, and from an order denying a motion for a new trial on the minutes of the justice before whom the action was tried.

*Norwood & Coggeshall,* for the appellants.

*Guthrie & Guthrie,* for the respondent.

LEARNED, P. J.:

This is an action to recover damages alleged to be caused to plaintiff's premises by a roof, gutter and conductor on the defendants' adjoining premises; which, it is said, pour water on and injure the plaintiff's premises. A verdict was rendered for the plaintiff; and the defendants appeal from the judgment thereon. No order denying a new trial appears in the printed papers, although the case states that a motion was made and denied.

The appellants submitted the cause on argument upon printed points. In those points they state that they rely on want of notice to, or knowledge by, the defendants of the existence of the alleged nuisance. It is not questioned that the gutter and conductor have been in position some eighteen years and that the defendants purchased in 1878. They testified that they had no knowledge that the gutter cast water on plaintiff's premises. There is some evidence of notice to O'Brien, the tenant of defendants. But this evidence was objected to by defendants and is claimed by them to be incompetent as notice to them. In the complaint it is alleged that the gutter in question overhung the plaintiff's premises. But it appears that the cause was not submitted to the jury as trespass by an overhanging gutter. It was submitted on the question whether, by means of the gutter, the plaintiff's premises had been damaged by reason of water which would not otherwise have run thereupon. Hence it is that defendants insist that they are not liable

for such damages until after notice. And as the plaintiff recovered actual, and not merely nominal damages, the question is important. Perhaps the question would be different if the action were for trespass *quare clausum*, on account of a gutter or other structure projecting over plaintiff's land.

In *Conhocton Stone Road* v. *Buffalo, New York and Erie Railroad Company* (51 N. Y., 573), the question stated by the court is, "whether a grantee of real estate on which a nuisance had been erected, before its conveyance to him, by a previous owner, and which was merely continued as it was at the time he acquired title, can, without any previous notice of its existence and a request to abate it, be held liable for damages subsequently resulting therefrom during the continuance of his ownership." That is precisely the question here. The court discussed the question at length and with a citation of many authorities and held that such grantee could not be held liable for damages until after notice. This doctrine was followed in *Miller* v. *Church* (2 N. Y. Sup. Ct. [T. & C.], 260), and again, in the same case, on a second appeal (5 Hun, 342). The opinion is not reported. But an examination of the manuscript shows that it was held that in such cases only the damages accruing after the grantee had notice could be recovered. The cases of *Wenzlick* v. *McCotter* (87 N. Y., 122), and of *Wasmer* v. *Delaware, Lackawanna and Western Railway* (80 id., 212), are in harmony with this. The case of *Irvine* v. *Wood* (51 N. Y., 224), was decided by the same court which decided the Conhocton road case and about the same time. It cannot then have been thought to be in conflict  Nor is it. The defendant Wood was a tenant, actually using the coal-hole through which plaintiff fell. It was the actual use of the nuisance which proved defendant's knowledge and made him liable. This is the doctrine of the *Wasmer Case* (*ut supra*). In the case at bar the defendants did not even live in the city where the alleged nuisance existed. Their tenant occupied the building, and they had no knowledge that any nuisance existed. It cannot be necessary to discuss a question settled by the highest court in 1873 and not disturbed since.

The judgment should be reversed, new trial granted, costs to abide event.

BOOKES and LANDON, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.